(5 App. Div. 535.)

NEW YORK SECURITY & TRUST CO. v. SARATOGA GAS & ELECTRIC LIGHT CO. et al.

(Supreme Court, Appellate Division, Third Department. May 21, 1896.)

APPEAL BOND—STAY OF PROCEEDINGS.

> Code Civ. Proc. § 1331, providing that, on appeal from a judgment directing a sale of real property, an undertaking is sufficient to stay the execution of a judgment which is to the effect that appellant will not. while in possession of the property, commit or permit waste thereon, and that, if the judgment is affirmed or the appeal is dismissed, appellant will pay for the use of the property, does not apply unless appellant is in possession of the premises, nor does it apply where the judgment directs a sale of both real and personal property.

Appeal from special term.

Action by the New York Security & Trust Company against the Saratoga Gas & Electric Light Company, William V. Reynolds, as receiver, and others, to foreclose a mortgage. From an order holding that an undertaking given pursuant to Code Civ. Proc. § 1331, cl. 2, did not stay the sale directed by the judgment in the action, and from an order confirming the referee's report of sale, and directing a conveyance, defendants appeal. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

Edward Winslow Paige, for appellant Reynolds.
Hornblower, Byrne & Taylor, for respondent.

PARKER, P. J.   This action is brought to foreclose a mortgage executed by the Saratoga Gas & Electric Light Company upon its franchise and property, real, personal, and mixed, whether then owned, or thereafter to be acquired or constructed, to secure the payment of $300,000 of its bonds.   The plaintiff holds the mortgage as trustee for the bondholders, and the foreclosure is asked for upon the ground that, default having been made in the payment of the interest, the whole of such bonds have become due and payable.   A receiver was appointed, at the instance of the plaintiff, to take and manage the mortgaged property during the pendency of the litigation, and such receiver had possession of the same at the time the orders from which this appeal is taken were made.   During the time of such possession he had, to some extent, continued the business in which the mortgagor was engaged.   The mortgagor was insolvent, and the defendant William V. Reynolds had been appointed a receiver of its property in sequestration proceedings, and as such opposed the foreclosure of the mortgage.   The judgment in such action, in substance, directs that all the property of the mortgagor, real, personal, and mixed, including easements, rights of way, fixtures, materials, supplies, machinery, plant, franchises, contracts, and choses in action, of which said receiver was directed to take possession, or which have heretofore belonged to such mortgagor, or which he may acquire or be possessed of up to the time of turning over possession of the premises to the purchaser, including especially any contracts that the mortgagor or the receiver may have for the public lighting of the village of Saratoga Springs, or any right of action in connection with the bids that the receiver has heretofore put in for further contracts, be sold as an entirety, at public auction, by a referee therein duly appointed.   Such judgment was affirmed on appeal to the general term.   34 N. Y. Supp. 890.   An appeal from such affirmance has been taken to the court of appeals by the defendants Reynolds and the First National Bank of Saratoga Springs, and is now pending.   Such appellants have executed, and had properly approved, an undertaking containing the obligations required by the first clause of section 1331 of the Code, and the question presented to us by this appeal is whether such an undertaking was operative to stay the sale directed by such judgment.

We are of the opinion that the provisions of that section are not applicable to the case before us.   The evident purpose of the section is to secure to the respondent, upon such an appeal, indemnity against loss by reason of being deprived of the use of the property during the delay caused by the appeal, and by reason of any waste that may be committed thereon during that period.   The section seems to assume that if such losses are made up to him the respondent will be as fully secured as if he was allowed to realize the full value of the property by an immediate sale thereof.   Grow v. Garlock, 29 Hun, 598, approved in Werner v. Tuch, 119 N. Y. 632, 23 N. E. 573.   It would be an unreasonable and forced construction of the

statute to presume that it intended to secure any less protection than is above stated. But in order to secure that protection the appellant must be in possession of the land ordered to be sold. He is not required to give security that no one will commit waste during the appeal, but the provision is that he will not commit any waste "while in possession of the property." The phrase, "while in possession of the property," evidently was intended to mean so long as he continued in the possession, or until he is forced by the final judgment and sale to surrender it. The statute is framed upon the assumption that he is in possession, and that he is the one from whom waste may be apprehended. Such a construction secures the protection which the statute evidently designed. But if a party not in possession—one, for instance, who has a mere lien by judgment upon the mortgaged premises—chooses to defend against a foreclosure, and to appeal from court to court, and may stay the sale by simply giving an undertaking that he will not commit any waste, no protection whatever is secured to the mortgagee. In short, unless the statute is construed to apply only to cases where the appellant is in possession, it utterly fails to give any security whatever against waste of the premises, and becomes an absurdity. Moreover, we think that the provisions of the section do not apply to those cases where the judgment directs the sale of both real and personal property. The provision of the statute is that if the judgment directs the sale of real property, or the delivery of the possession of real property, its execution may be stayed by giving an undertaking that will secure the respondent from loss by waste committed thereon, and also secure to him the value of its use and occupation during the pendency of the appeal. The security thus provided for is directed to the protection of the real property only, and a reasonable construction, therefore, is that it was intended to apply to those cases where real estate alone is the subject-matter affected by the judgment. Such a construction does not do violence to the phraseology of the section. A judgment directing the sale of real property is a mandate of the court, affecting one kind of property only. A judgment directing the sale of both real and personal property is of another kind, and may well be placed in a different category. And provisions which would render adequate security for a stay in the one case would be entirely inapplicable in the other. The construction for which the appellant's counsel contends, to wit, that, whenever any provision in a judgment directs the sale of real estate, the execution of the entire judgment may be stayed by merely giving security that will protect against loss arising from a delay in the sale of such real estate, would, in very many cases, deprive the respondent of any security whatever, and work very grievous injury. Suppose the assets of a co-partnership, consisting of a very trifling amount of real estate, and a very large and valuable amount of personal property, is in the custody of a receiver, and is about to be distributed by a court of equity; can it be that under the provisions of this section the execution of a judgment directing the receiver to sell and dispose of all the assets in his hands can be stayed by such an undertaking as is therein provided for? We think not. Very

many other instances might be suggested in which the construction of the section for which appellant contends would manifestly be injurious and utterly inapplicable.   In the case before us the judgment directs, not only the sale of the real estate, but of contracts made with the village of Saratoga Springs, both by the mortgagor and the receiver, also rights of action arising out of such contracts, and from bids for contracts made by him, and debts due to the mortgagor and to the receiver; and, in short, not only is the real estate of the mortgagor directed to be sold, but the whole business now in operation and connected therewith.   Evidently the undertaking provided for by this section furnishes no security whatever for loss liable to accrue from a postponement of the sale of such property. The purpose of the section is to secure to the respondent indemnity against loss sustained by the delay caused by the appeal.   Its language is not so precise and explicit as to force the construction that it was intended to apply to cases where it would utterly fail to secure that indemnity.   It cannot be supposed that such was its intention, and therefore it should not be so construed.   The appellant, in a case like this, is not without a remedy.   He may always apply to the court for a stay, and the court has always power to grant one, upon such terms as the equities of each particular case require.   Genet v. Canal Co., 113 N. Y. 472, 21 N. E. 390.   We conclude that the undertaking given did not stay the plaintiff's right to proceed with the sale as the judgment directed.

As to the claim that the property was sold for an inadequate price, the facts before us do not sustain it.   There is no evidence as to what was the real value of the property sold.   The affidavit of Reynolds, to which the appellant's counsel refers us as evidence on that subject, was made in January, 1894, and is to the effect that the net earnings of the mortgagor are $35,000 per year.   That might be true, and yet the property sold by the referee not exceed in value the price obtained.   What those net earnings were derived from, does not appear, and it evidently refers to a condition existing more than two years before the sale.   And the statements of Mr. Taylor as to what the committee were willing to bid are not such evidence of value as should be required in order to vacate this sale.   There is no evidence before us that any greater sum can be procured on another sale, no statement that any one has offered more, no direct statement whatever, by any one, of the actual value of the property sold; and on such facts we cannot say that the price procured was an inadequate one.

The orders appealed from must be affirmed, with $10 costs and disbursements.   All concur.