NATIONAL SAV. BANK OF CITY OF ALBANY v. SLADE et al.

(Supreme Court, Special Term, Erie County. July, 1896.)

BOND STAYING FORECLOSURE JUDGMENT PENDING APPEAL—SUFFICIENCY.

Code Civ. Proc. § 1331, declares that on appeal from a judgment directing the sale or delivery of the possession of real property the appeal bond shall not stay execution until defendant gives bond not to commit waste while "in possession of the property," and to pay the value of its use, if the judgment is affirmed or appeal dismissed, from the time of taking the appeal till delivery of possession pursuant to the judgment; but that, if the judgment is for foreclosure of a mortgage, the bond shall be sufficient if conditioned to pay any deficiency which shall arise at the foreclosure sale. Held, that a bond executed by defendant on appeal from a foreclosure judgment, conditioned not to commit waste, and to pay the value of the use of the prop-

erty as provided in the first clause, without a covenant to pay a deficiency as set forth in the second clause, is insufficient to stay execution on the judgment where defendant is not in possession of the property.

Action by the National Savings Bank of the City of Albany against William S. Slade and another to foreclose a mortgage. Motion by defendants to compel plaintiff to accept a bond executed by them pursuant to Code Civ. Proc. § 1331, cl. 1, as sufficient to stay execution on the judgment of foreclosure rendered in the action.

Mr. Van Arsdale, for plaintiff.

Mr. Cottle, for defendants.

TITUS, J. The plaintiff foreclosed a mortgage on property of the defendant, and obtained the usual judgment of foreclosure and sale. The defendant interposed a defense. He then took an appeal from the judgment to the appellate division. In order to stay proceedings, he applied to the special term. The court ordered a stay on his giving an undertaking in the sum of $7,500. He gave an undertaking under the first clause of section 1331 of the Code,[1] providing that the defendant would not, while in possession of the property, commit or suffer to be committed any waste thereon; and that, if the judgment is affirmed or the appeal dismissed, he will pay the value of the use and occupation of the property. The defendant is not in possession of the property, nor in receipt of the income therefrom. The undertaking so made was served by the defendant, and returned by the plaintiff's counsel as not being sufficient, under the practice, to stay the proceedings. The defendant now moves that the plaintiff be required to receive the undertaking as a full compliance with sections 1326 and 1331 of the Code, and to stay proceedings on the judgment of foreclosure.

On the argument before me the plaintiff insists that, being entitled to a deficiency judgment in case the property does not sell for enough to pay the mortgage debt, a sufficient undertaking is one which provides that, if the appeal is dismissed or affirmed, the appellant will pay any deficiency which may occur upon the sale, in discharging the sum to pay which the sale is directed, with interest and costs; being the second clause of section 1331. I am referred to the case of Grow v. Garlock, 29 Hun, 598, as authority for the sufficiency of the undertaking given by defendant. It is true that the judge who wrote the opinion in that case said that "a part of the section [1331] had the effect, as we understand it, to give an appellant from a judgment directing a sale of mortgaged premises his election to give the undertaking therein prescribed, the condition of which is to pay any deficiency, or to give one under the first clause

---

[1] Code Civ. Proc. § 1331, provides that on appeal from a judgment directing the sale or delivery of the possession of real property the appeal bond shall not operate to stay execution on the judgment until defendant gives bond not to commit waste "while he is in possession of the property," and to pay, if the judgment is affirmed or appeal dismissed, the value of the use of the property from the time of taking the appeal till delivery of possession thereof pursuant to the judgment; but that, if the judgment is for foreclosure of a mortgage, a bond to pay any deficiency which shall occur at the sale shall be sufficient.

of the section conditioned against waste, and to pay for use and occupation." But in this case the question arose upon the sufficiency of an undertaking given on judgment foreclosure, under section 1326 of the Code, the court holding that such an undertaking was not a compliance with the statute, and worked no stay of proceedings. The court of appeals, in Werner v. Tuch, 119 N. Y. 632, 23 N. E. 573, held, on the authority of this case, that an undertaking against waste, and for the value of the use and occupation of mortgaged premises, operates as a stay of proceedings, without a covenant to pay a deficiency, and that it is optional with the appellant which form of undertaking he will give. In those cases, however, the mortgagor was in possession and in receipt of rents and profits of the property; but in the case at bar the defendant is not in possession, and not in receipt of the rents and profits of the property covered by the mortgage, and any undertaking given by him against waste and for his use and occupation would, so far as the plaintiff's security is concerned, be idle, as it would afford no protection to him as security. Both forms of undertaking are prescribed by the section, and the one should be required which affords some security to the party having the judgment. This was held in New York Security & Trust Co. v. Saratoga Gas & Electric Light Co., 5 App. Div. 535, 39 N. Y. Supp. 486, where the case is quite similar to the one before me. There the appellant was not in possession of the property, and not in receipt of the rents and profits, and the court pointed out the distinction, Justice Parker saying:

"It would be an unreasonable and forced construction of the statute to presume that it intended to secure any less protection than is above stated. In order to secure to the respondent that protection, the appellant must be in possession of the land ordered to be sold. He is not required to give security that no one will commit waste during the appeal, but the provision is that he will not commit any waste while in possession of the property. * * * The statute is framed upon the assumption that he is in possession, and that he is the one from whom waste may be apprehended. * * * But if the party not in possession * * * chooses to defend against a foreclosure, and to appeal from court to court, and may stay the sale by simply giving an undertaking that he will not commit any waste, no protection whatever is secured to the mortgagee. In short, unless the statute is construed to apply only to cases where the appellant is in possession, it utterly fails to give any security whatever against waste of the premises, and becomes an absurdity."

While other questions were in that case, and other distinctions drawn, yet the distinction clearly appears between that case and Grow v. Garlock,—in the latter the appellant being in possession, and entitled to the rents and profits; and I think the same distinction exists in this case. The appellant is not in possession. The giving of an undertaking against waste is absurd, accomplishes nothing, and in such a case the statute must be given a reasonable construction. It seems to me, therefore, that the undertaking given by the appellant in this case is not a compliance with the statute, and does not work a stay of execution. He must, therefore, if he desires to stay proceedings on the judgment, give an undertaking to pay the deficiency, as provided by section 1331 of the Code.