(31 App. Div. 313.)

### KINGSLAND v. FULLER.

(Supreme Court, Appellate Division, First Department. June 24, 1898.)

MORTGAGE FORECLOSURE—RIGHTS OF PURCHASER.

Purchaser of a lot at mortgage sale need not complete purchase, the beams of the building thereon resting in the eastern wall of the building to the west, by virtue of an agreement which, after granting that easement, provided that no building should be erected on the lot sold to a greater depth than 45 feet, the contents of the agreement not being given at the sale, though Code Civ. Proc. § 1678, declares that any incumbrance on the property shall be "declared at the time of the sale," but the agreement having been referred to merely as giving "rights, privileges, and easement * * * in the westerly wall of the building adjoining said premises," and said wall having been referred to in the advertisement as a party wall.

Action by Cornelius F. Kingsland, sole surviving trustee under the will of A. C. Kingsland, deceased, against Edgar C. Fuller. Plaintiff appeals from an order denying his motion to compel A. J. G. Riemann to complete his purchase of land sold at foreclosure. Affirmed.

The following is the opinion of the court below (DALY, J.):

This is a motion to compel the purchaser at a foreclosure sale to complete his purchase. The property sold was subject to a very onerous incumbrance, of which no notice was given at the sale, as it should have been. Code, § 1678. The beams of the building sold rested in the wall of the premises to the west, by virtue of an agreement which, after granting that easement, provided that no building should be erected upon the lot in question here to a greater depth than 45 feet, and that any extension built thereon should be at least eight feet distant from said wall, in which, according to the agreement, the adjoining owner might maintain three rows of windows. The agreement in question was referred to on the sale and in the notice of sale, but its contents were not given nor described. On the contrary, it was described as giving "rights, privileges, and easement * * * in the westerly wall of the building adjoining said premises," whereas the wall to which the agreement referred was the easterly wall of the building adjoining the premises on the west. The westerly wall of the building adjoining the premises to be sold was, of course, the wall of the building east of said premises, and, as that was described in the advertisement of sale as a party wall, intending purchasers might readily infer that the "rights, privileges, and easement" in the wall mentioned were such as pertained to a party wall. Under the circumstances, as the plaintiff made an error in the description which was calculated to mislead intending purchasers, the latter ought not to be held to the obligation to examine the agreement thus misdescribed in order to detect possible errors, but must be deemed to be justified in relying upon the accuracy of the description. They were also justified in assuming that, if the agreement in question created a charge upon the land, it would be "declared at the time of the sale," as prescribed in the section of the Code above referred to. This is a case, I think, in which the discretion of the court may be invoked to relieve the purchaser. Riggs v. Pursell, 66 N. Y. 199. Motion denied, with $10 costs.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

H. F. Miller, for appellant.
H. Hoyt, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of DALY, J., in court below.