CORNELIUS F. KINGSLAND, as Sole Surviving Trustee of ALBERT A. KINGSLAND, under the Last Will and Testament of AMBROSE C. KINGSLAND, Deceased, Appellant, *v.* EDGAR C. FULLER and Others, Defendants.

ALBERT J. G. RIEMANN, Purchaser, Respondent.

*Foreclosure sale — an agreement affecting the property, misdescribed in the notice of sale and on the sale — a purchaser is entitled to rely upon the description thus given and to be relieved from his purchase.*

A written agreement, referred to on the sale and in the notice of sale in an action for the foreclosure of a mortgage, as giving "rights, privileges and easements * * * in the westerly wall of the building adjoining said premises," whereas, in fact, it grants an easement for the support of the beams of the building on the premises sold in the easterly wall of the premises to the west thereof, and provides that no building shall be erected upon the lot in question to a greater

depth than forty-five feet, and that any extension built thereon shall be at least eight feet distant from said wall in which, by the terms of the agreement, the adjoining owner may maintain three rows of windows, is calculated to mislead the purchaser, who should not be held obligated to examine the agreement thus misdescribed in order to detect possible errors, but must be deemed to have relied upon the accuracy of the description as given, and should be relieved from his purchase of the premises.

APPEAL by the plaintiff, Cornelius F. Kingsland, as sole surviving trustee of Albert A. Kingsland, under the last will and testament of Ambrose C. Kingsland, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1898, denying his motion to compel Albert J. G. Riemann to complete his purchase of premises sold under a judgment of foreclosure.

*Henry F. Miller*, for the appellant.

*G. W. Cotterill*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of DALY, J., in court below.

Present — VAN BRUNT, P. J., PATTERSON, O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ.

The following is the opinion of DALY, J.:

DALY, J.:

This is a motion to compel the purchaser at a foreclosure sale to complete his purchase. The property sold was subject to a very onerous incumbrance, of which no notice was given at the sale, as it should have been. (Code, § 1678.) The beams of the building sold rested in the wall of the premises to the west, by virtue of an agreement which, after granting that easement, provided that no building should be erected upon the lot in question here to a greater depth than forty-five feet, and that any extension built thereon should be at least eight feet distant from said wall, in which, according to the agreement, the adjoining owner might maintain three rows of windows. The agreement in question was referred to on the sale and in the notice of sale, but its contents were not given nor described. On the contrary, it was described as giving " rights, privileges and easement   *   *   *   in the westerly wall of the build-

PEOPLE ex rel. CLEARING HOUSE v. BARKER. 315

App. Div.]     First Department, June Term, 1898.

ing adjoining said premises," whereas the wall to which the agreement referred was the easterly wall of the building adjoining the premises on the west. The westerly wall of the building adjoining the premises to be sold was, of course, the wall of the building east of said premises, and as that was described in the advertisement of sale as a party wall, intending purchasers might readily infer that the "rights, privileges and easement" in the wall mentioned were such as pertained to a party wall. Under the circumstances, as the plaintiff made an error in the description which was calculated to mislead intending purchasers, the latter ought not to be held to the obligation to examine the agreement thus misdescribed in order to detect possible errors, but must be deemed to be justified in relying upon the accuracy of the description. They were also justified in assuming that if the agreement in question created a charge upon the land it would be "declared at the time of the sale," as prescribed in the section of the Code above referred to. This is a case, I think, in which the discretion of the court may be invoked to relieve the purchaser. (*Riggs* v. *Pursell*, 66 N. Y. 199.)

Motion denied, with ten dollars costs.