COMMERCIAL BANK, Respondent, *v.* MOSES FOLTZ and BEAMAN CATTO, Appellants, Impleaded with Others.

*Undertaking on appeal, under section 1331, Code of Civil Procedure — it can be given only by the party in possession — the appellant is concluded as to the possession by his pleading.*

Section 1331 of the Code of Civil Procedure, providing for the giving of an undertaking on an appeal from a judgment directing the sale of real property, to the effect that the appellant will not commit or suffer waste thereon, only applies where the appellant furnishing such undertaking is in possession of the real property affected by the judgment.

The defendants appealing in such case are concluded by the averments of their pleading in the action in relation to the possession of the premises.

APPEAL by the defendants, Moses Foltz and another, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 12th day of September, 1898, determining that an undertaking, executed on behalf of Beaman Catto, on his appeal to the Court of Appeals, was insufficient to stay the execution of the judgment, and requiring a new undertaking.

*Judson A. Gibson* and *John Van Voorhis,* for the appellants.

*Edward Harris,* for the respondent.

FOLLETT, J. :

October 3, 1896, a judgment of foreclosure was entered in this action, and a referee appointed to sell, which judgment was affirmed by this court. (*Commercial Bank* v. *Catto,* 20 App. Div. 236.)

August 9, 1897, a judgment of affirmance was entered, and September 10, 1897, the undertaking in question was executed under section 1331 of the Code of Civil Procedure, which provides that, on an appeal from a judgment directing a sale of real property, the appellant may give an undertaking, conditioned that, while in possession of the realty, he will not commit or suffer waste thereon, etc.

This section is applicable only to a case in which the appellant is in possession of the realty affected by the judgment appealed from. (*N. Y. Security Co.* v. *Saratoga Gas Co.,* 5 App. Div. 535 ; *Kingsland* v. *Fuller,* 31 id. 313 ; *National Savings Bank* v. *Slade,* 42 N. Y. Supp. 455.)

March 20, 1896, Moses Foltz conveyed the realty affected by the judgment to Beaman Catto, who, on the same day, executed a mortgage on the property to Moses Foltz to secure the payment of the sum of $10,500.

In the affidavit upon which this order was granted it is stated that July 25, 1898, Moses Foltz signed and verified an affidavit, in which he stated that he had been in possession of the mortgaged premises, as mortgagee, since March 20, 1896, the date of the aforesaid deed and mortgage. This allegation is controverted by the affidavits filed in opposition to the motion. The Special Term determined the question of fact in favor of the moving party; but, without considering the credibility of the affiants, we think the appellants are bound by the averments in their answers in this action.

The defendant Catto, who is the only appellant to the Court of Appeals, in his verified answer first describes the mortgage for $10,500, and avers: "And under which mortgage the defendant Foltz is and was, at the time of the commencement of this action, in lawful possession, as mortgagee, of all of said premises, with an agreement authorizing him to collect the rents and apply the same to the payment of said defendant's bond and mortgage."

The defendant Foltz, in his verified answer, after describing the mortgage, states: "And under which mortgage this defendant is and was, at the time of the commencement of this action, in lawful possession, as mortgagee, of all of said premises, with an agreement authorizing him to collect the rents and apply all the same to the payment of this defendant's said bond and mortgage."

Under these allegations in the record, it must be held that Foltz, and not Catto, is in possession of the premises, and that the undertaking is insufficient to stay the execution of the judgment.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.