COMMERCIAL BANK v. FOLTZ et al.

(Supreme Court, Appellate Division, Fourth Department. December 9, 1898.)

1. APPEAL—UNDERTAKING—STAY OF EXECUTION—POSSESSION OF PROPERTY.
    An undertaking given under Code Civ. Proc. § 1331, providing that, on appeal from a judgment directing the sale of real property, the appellant may give an undertaking conditioned that, while in possession of the realty, he will not commit or suffer waste, will not stay execution, where a mortgagee, and not appellant, is in possession.

2. PLEADING—ESTOPPEL.
    On a question whether appellant or his mortgagee had possession of property involved in a foreclosure suit, appellant is bound by allegations in his answer in such suit.

Appeal from special term.

Foreclosure suit by the Commercial Bank against Moses Foltz and others. Judgment for plaintiff was affirmed in the supreme court, and defendant Beaman Catto appealed to the court of appeals. From an order determining that an undertaking in the latter appeal was insufficient to stay execution of the judgment, defendants Foltz and Catto appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

J. A. Gibson and John Van Voorhis, for appellants.
Edward Harris, for respondent.

FOLLETT, J. October 3, 1896, a judgment of foreclosure was entered in this action, and a referee appointed to sell, which judgment was affirmed by this court. 20 App. Div. 236, 46 N. Y. Supp. 983. August 9, 1897, a judgment of affirmance was entered, and September 10, 1897, the undertaking in question was executed under section 1331 of the Code of Civil Procedure, which provides that, on an appeal from a judgment directing a sale of real property, the appellant may give an undertaking conditioned that, while in possession of the realty, he will not commit or suffer waste thereon, etc. This section is applicable only to a case in which the appellant is in possession of the realty affected by the judgment appealed from. New York Security & Trust Co. v. Saratoga Gas & Electric Light Co., 5 App. Div. 535, 39 N. Y. Supp. 486; Kingsland v. Fuller, 31 App. Div. 313, 53 N. Y. Supp. 624; Bank v. Slade (Sup.) 42 N. Y. Supp. 455. March 20, 1896, Moses Foltz conveyed the realty affected by the judgment to Beaman Catto, who on the same day executed a mortgage on the property to Moses Foltz to secure the payment of the sum of $10,500. In the affidavit upon which this order was granted it is stated that July 25, 1898, Moses

Foltz signed and verified an affidavit in which he stated that he had been in possession of the mortgaged premises, as mortgagee, since March 20, 1896, the date of the aforesaid deed and mortgage. This allegation is controverted by the affidavits filed in opposition to the motion. The special term determined the question of fact in favor of the moving party; but, without considering the credibility of the affiants, we think the appellants are bound by the averments in their answers in this action. The defendant, Catto, who is the only appellant to the court of appeals, in his verified answer first describes the mortgage for $10,500, and avers:

"And under which mortgage the defendant Foltz is, and was at the time of the commencement of this action, in lawful possession, as mortgagee, of all of said premises, with an agreement authorizing him to collect the rents and apply the same to the payment of said defendant's bond and mortgage."

The defendant Foltz, in his verified answer, after describing the mortgage, states:

"And under which mortgage this defendant is and was at the time of the commencement of this action in lawful possession, as mortgagee, of all of said premises, with an agreement authorizing him to collect the rents, and apply all the same to the payment of this defendant's said bond and mortgage."

Under these allegations in the record, it must be held that Foltz, and not Catto, is in possession of the premises, and that the undertaking is insufficient to stay the execution of the judgment.

Order affirmed, with $10 costs and disbursements. All concur.