(142 App. Div. 495.)

### MIDWOOD PARK CO. v. BAKER et al.

(Supreme Court, Appellate Division, Second Department. January 20, 1911.)

APPEAL AND ERROR (§ 460*)—UNDERTAKINGS—NECESSITY.

    Code Civ. Proc. § 1331, providing that, if a judgment directs the sale or delivery of possession of realty, an appeal does not stay execution unless appellant gives an undertaking that he will not commit waste, and, if the judgment is affirmed, he will pay the deficiency upon sale to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

extent of the value of the use and occupation, applies to one in possession capable of suffering waste, and not to an appellant from a judgment foreclosing a mortgage on property of which he is the owner in fee, and which is in the possession of tenants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2217–2246; Dec. Dig. § 460.*]

Appeal from Special Term, Kings County.

Action by the Midwood Park Company against Bertha G. McLaughlin Baker and others. There was a judgment of foreclosure for plaintiff, and, from an order requiring a certain defendant to give an undertaking not to commit or suffer waste while in possession, plaintiff appeals. Reversed, and motion denied.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Augustus Van Wyck, for appellant.

George C. Lay, for respondents.

THOMAS, J. Plaintiff has a judgment of foreclosure in an action wherein the Kouwenhoven Realty & Improvement Company, the owner of the fee, not liable for deficiency, and its lessee, are parties defendants. The Kouwenhoven Company has appealed from the judgment, and for the purposes of a stay the court has ordered that it give a bond in the sum of $10,000 that it will not, "while in possession of the property, * * * commit, or suffer to be committed, any waste thereon," and that if the judgment be affirmed or the appeal dismissed, and there shall be deficiency on the sale, it will pay the value of the use and occupation of the property or the part thereof as to which the judgment is affirmed, from the time of taking the appeal until the delivery of the possession thereof, pursuant to the judgment. The tenants have not appealed.

The finding is that the Kouwenhoven Company has since 1906 been in possession of the premises, and has leased some of it. The moving papers show that the property is under lease and has been since 1908. The order was made pursuant to section 1131, Code Civ. Proc. The plaintiff contends that such section is not applicable for the reason that the lessor company is not in possession, and, as I understand, that the bond could and should be given under section 1351 so as to require an "undertaking, to the effect, that if the judgment * * * appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he will pay the sum, recovered or directed to be paid, by the judgment * * * or the part thereof, as to which it is affirmed." The judgment in foreclosure is not "for a sum of money," nor does it direct "the payment of a sum of money" by the Kouwenhoven Company, nor before judgment for deficiency by any person. Barnard v. Onderdonk, 98 N. Y., at page 167; Concordia Savings & Aid Association v. Read, 124 N. Y. 189, 26 N. E. 347. As Parker, J., points out in the second case cited, section 1327 "does not embrace judgments decreeing foreclosure, the delivery of possession of real property, assignment or delivery of a document, recovery of a chattel, or directing the execution of a conveyance. For such judgments sections 1328,

1329, 1330, 1331 prescribe the undertaking necessary to be given." The undertaking before the court in that case was in the form provided by section 1327, and it was said in the opinion:

"It is conceded that this undertaking could not have operated to stay proceedings on the judgment."

And further states:

"It develops that at the time of the making of this agreement the statutory use of the terms here employed did not include a case where a judgment directs the sale of a specific piece of property for the purpose of making plaintiff's demand out of the avails thereof."

See, also, Grow v. Garlock, 29 Hun, 598, 601.

But the question remains whether the court was bound to grant the stay, if any, under section 1331. If that section did not apply, it had power to grant the stay upon such terms as it deemed just. Genet v. President, etc., D. & H. C. Co., 113 N. Y. 472, 21 N. E. 390; New York Security Co. v. Saratoga Gas Co., 5 App. Div. 535, 39 N. Y. Supp. 486. If the case falls within section 1331, the court was constrained to act under it. But the appellant's contention is that the defendant Kouwenhoven Company was not in possession or control of the property. It is not liable for any deficiency, nor does the order direct a bond pursuant to section 1331 applicable to an appellant so obligated by the judgment. In New York Security Co. v. Saratoga Gas Co., supra, a receiver was in possession, and this was considered a reason for excluding the application of the section. In Commercial Bank v. Foltz, 35 App. Div. 237, 54 N. Y. Supp. 764, the appellant, owner of the equity of redemption, was not, and his mortgagee was, in possession. In Rosenbaum v. Tobler, 31 App. Div. 312, 53 N. Y. Supp. 722, the appellant, whose relation to the property does not appear, was not in possession, and in National Sav. Bank of Albany v. Slade, 42 N. Y. Supp. 455, the owner of the property under foreclosure was not in possession nor in receipt of the rents and profits. Who was in possession does not appear. Hence the appellants in those cases could not proceed under section 1331. So the question is whether the appellant is in possession of the land within the meaning of that section. The provision is that the appellant will not "while in possession * * * commit, or suffer to be committed, any waste thereon; and if the property is in his possession or under his control," he will pay the deficiency upon sale, to the extent of the value of the use and occupation. It is said in New York Security Company v. Saratoga Gas Co., supra:

"He is not required to give security that no one will commit waste during the appeal, but the provision is that he will not commit any waste 'while in possession of the property.' * * * The statute is framed upon the assumption that he is in possession, and that he is the one from whom waste may be apprehended."

This decision was in 1896. The section was later amended. Laws 1897, c. 119. The amendment, after providing for an undertaking against waste, brought in the new words, "and if the property is in his possession or under his control," the undertaking must provide for paying the value of the use and occupation to be applied as there-

in stated. The tenant's possession is made that of the landlord in respect to adverse possession (Code Civ. Proc. § 373), and under section 1638, in an action to compel the determination of a claim to real property, it was decided that the possession of the tenant was the possession of the landlord. It was pointed out that the statute had used the words "actual possession" until 1891, when the word "actual" was omitted. But section 1331 contemplates a person, who is in such possession, that he may prevent voluntary or permissive or negligent waste by virtue of his immediate control of the land. Such person, by opportunity or right, can direct what shall and shall not be done; he can neglect or protect; he can make repairs or suffer disrepair; he can physically, as well as by legal remedy, repel trespass. The property is in his actual keeping or under his eye and command, for its good or detriment. The section, reasonably construed, is that he should have such relation to the land that he could, without trespassing upon the rights of another person entitled immediately to occupy and enjoy its profits, appoint it to such uses and maintain it in such condition that waste will not occur. Whatever remedies against waste by a tenant or trespass of a third person the landlord may have, they are merely remedies for, compensation for, or restraint of, injury done, threatened, or continued. The landlord before invoking the remedy must await the injury, or its threatened infliction in whole or in part, unless he has notice of, and acts upon, facts that prove sufficiently that it is about to happen. So the landlord, not being in possession and prepared to repel invasion or to do whatever in varieties of way is necessary to preserve against waste, must act through legal proceedings. This is not the possession considered by section 1331. The statute contemplates that the person having the beneficial possession may keep it by giving the undertaking, that the value of the use and occupation shall be available for the deficiency on sale, and that, being on the spot, armed with all right to forbid and repel, he shall prevent it as he is presumed to have power to do (Beekman v. Van Dolsen, 63 Hun, 490, 18 N. Y. Supp. 376); that being in possession, and thereby enabled, he will preserve and cultivate so as not to allow deterioration.

But the landlord out of possession undertakes that he will not commit waste; that is, voluntary waste. How can he? He cannot enter to do it. He undertakes that he will not suffer waste to be committed. These words must be given their legal meaning. They apply to the duty of a person so in possession that he is capable of suffering waste by his neglect or omission. The undertaking is not that he will compensate for all waste, however and by whomsoever committed, but that he will observe the duty imposed upon a person not to commit waste. If the tenant should commit waste or a stranger enter and waste, the landlord may answer that he did not suffer it, but that he took timely legal steps, which was all within his power, to enjoin it, and then would it not be said, as in Beekman v. Van Dolsen, supra, that he did not suffer it? But, had he been on the premises or in possession, he could repel it. Moreover, in this case, the lessee is a party. He has not appealed. But, had he done so, could he not have invoked

section 1331? In that case, would there be two persons in possession, and could the lessor also invoke the section? I conclude not. I consider that the section is not applicable to the appellant in his present status.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice to an application for a stay, upon such terms as the court at Special Term may deem just. All concur..