UNION BANK OF BROOKLYN, by EUGENE LAMB RICHARDS, as Superintendent of Banks of the State of New York, Respondent, v. AMERICAN BONDING COMPANY OF BALTIMORE, Appellant.

Second Department, November 10, 1916.

Appeal — undertaking to stay execution not conforming to statute — suit of foreclosure — when undertaking enforcible as common-law obligation.

Where a mortgagor, not liable on the bond for a deficiency, appeals to the Appellate Division from a judgment directing a sale of the lands on the foreclosure of the mortgage, and although not being within the statutory terms employed in section 1331 of the Code of Civil Procedure, gives an undertaking on which the defendant is surety and whereby it agrees to pay any deficiency which may occur upon the sale with interest and costs if the judgment of foreclosure be affirmed on appeal, the undertaking though not complying with the statute is valid as a common-law agreement and, judgment being affirmed and the sale resulting in a deficiency, the surety will not be permitted to contest the validity of its undertaking which was accepted by the other party as sufficient for staying proceedings.

Moreover, where the same surety gave another undertaking upon an appeal to the Court of Appeals from the affirmance of the Appellate Division, which undertaking was insufficient, it is not discharged from liability on its first undertaking by the inadequacy of the second.

APPEAL by the defendant, American Bonding Company of Baltimore, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 25th day of March, 1916, upon the decision of the court after a trial at the Kings County Trial Term, a jury having been waived.

*Renwick F. H. Macdonald*, for the appellant.

*Joseph G. Deane* [*Philip A. Walter* with him on the brief], for the respondent.

STAPLETON, J.:

Two causes of action are pleaded. The first is based upon an undertaking given to stay the execution of a judgment of the Supreme Court pending an appeal to the Appellate Division. The judgment directed the sale of real property upon the foreclosure of a mortgage. The amount claimed is the

amount of the deficiency arising upon the sale after affirmance of the judgment by the Appellate Division and the Court of Appeals. The second arises from an undertaking given upon an appeal to the Court of Appeals from the judgment of affirmance by the Appellate Division, and the amount claimed is the costs in the Court of Appeals.

The appellant's principal was the owner of the real property but was not liable on the bond for a deficiency. The property was leased and the principal was collecting the rents and profits from the tenants. An application was made to the court for an order. The surety is the same in both undertakings, so there are no equities between sureties to be adjusted. The respondent does not complain that it is aggrieved by the judgment to the extent that upon the second cause of action it is adjudged to pay the costs in the Court of Appeals. Its purpose is to escape liability for the amount of the deficiency upon the sale of the mortgaged premises as not within its contract obligation. The deficiency consists of the sum due upon the mortgage plus costs and expenses. We reproduce the order:

" At a Special Term of the Supreme Court, held in and for the County of Kings, at the County Court House in the Borough of Brooklyn, on the 6th day of July, 1908.

" Present — Hon. WILLIAM J. KELLY, Justice.

" GEORGE WIENER, Plaintiff,

*against*

" ROSABELLA BASS, LEON LEMBERG, et al., Defendants.

" A judgment having been entered in the office of the Clerk of the County of Kings on the 19th day of June, 1908, in favor of the plaintiff and against the defendant Leon Lemberg, for the sum of Eleven thousand five hundred and sixty-eight 50/100 dollars, and directing the sale of the premises therein described, and the said defendant Leon Lemberg having appealed therefrom to the Appellate Division of the Supreme Court for the Second Department; and the said defendant having made an application for a stay of proceedings under Section 1331 of the Code of Civil Procedure; Now, on reading and fil-

ing the order to show cause, dated the 30th day of June, 1908, and the affidavit of Leon Lemberg, duly verified the 29th day of June, 1908, and upon all proceedings; and after hearing Isaac N. Miller, Esq., of counsel for the defendant, Leon Lemberg, and Herman S. Bachrach, Esq., of counsel for the plaintiff, it is

" *Ordered,* that all proceedings on the part of the plaintiff be stayed pending such appeal, provided the defendant Leon Lemberg shall within five days from the date of the service of this order serve an undertaking in the sum of Thirteen thousand dollars, executed by sufficient sureties, who shall justify in the usual manner if excepted to, and conditioned that the applicant will pay all costs and damages which may be awarded against him on said appeal, and also pay, if the judgment appealed from, or any part thereof is affirmed, or the appeal is dismissed, the sum recovered or directed to be paid by the judgment or the part thereof as to which it is affirmed.

" Enter,

" (Signed) WILLIAM J. KELLY,

" *Justice of the Supreme Court.*"

Of the two undertakings the pertinent provisions read:

" Whereas, on the 19th day of June, 1908, a judgment was entered herein in favor of the plaintiff and against the defendant, Leon Lemberg, for the sum of Eleven thousand five hundred and sixty-eight and 50/100 ($11,568.50) Dollars, and directing the sale of the premises therein described, and

" Whereas, by an order made and entered herein on the 6th day of July, 1908, sale of the mortgaged premises under said judgment of foreclosure and all proceedings to enforce judgment under decree of foreclosure were stayed until the hearing by the Appellate Division of the Supreme Court for the Second Department of the appeal taken herein by the defendant, Leon Lemberg, on the giving of an undertaking in the sum of Thirteen thousand dollars pursuant to Section 1331 of the Code of Civil Procedure.

" *Now, therefore,* the American Bonding Company of Baltimore having an office and principal place of business for the State of New York at No. 84 William street, in the Borough of Manhattan, City of New York, does hereby under-

take, that if the said judgment of foreclosure is affirmed on said appeal that the said defendant, Leon Lemberg, will pay to the plaintiff herein any damages for waste committed or suffered to be committed by him while in possession of the property, and if the said judgment is affirmed or the appeal is dismissed the appellant will pay any deficiency which may occur upon the sale, with interest and costs, and all expenses chargeable against the proceeds of the sale, not exceeding the sum of Thirteen thousand dollars.

" Dated, NEW YORK, N. Y., *July* 9th, 1908.

"AMERICAN BONDING COMPANY OF BALTIMORE,
[SEAL]           "By HULBERT T. E. BEARDSLEY,
                              " *Resident Vice-President.*

" Attest:

  " WALLACE STEVENS,
    " *Resident Asst. Secretary.*"

" WHEREAS, on the 19th day of June, 1908, in the above entitled Court, a judgment was entered in favor of the above named plaintiff and against the above named defendant, Leon Lemberg, for the sum of $11,568.50 and directing the sale of the premises therein described, and

" WHEREAS, by a judgment and order of the Appellate Division of the Supreme Court, Second Department, entered in the office of the Clerk of the County of Kings, on the 14th day of January, 1909, judgment of the Trial Court was affirmed with costs taxed at $79.40.

" And the said defendant Leon Lemberg, feeling aggrieved thereby, intends to appeal from each and every part of said judgment and order as well as from the whole thereof, therefrom to the Court of Appeals of the State of New York.

" *Now, therefore,* the American Bonding Company of Baltimore, having an office and principal place of business for the State of New York at 84 William Street, in the Borough of Manhattan, in the City of New York, does hereby, pursuant to the statutes in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding the sum of Five hundred Dollars, and does also undertake that if the judg-

Second Department, November, 1916.          [Vol. 174.

ment and order so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment and order or the part thereof, as to which said judgment and order shall be affirmed.

"Dated New York, *February* 19th, 1909.

"American Bonding Company of Baltimore,

"[SEAL]                    By Jas. L. D. Kearney,

"*Resident Vice-President.*

"Attest:

"Wallace Stevens,

"*Resident Asst. Secretary.*"

The plaintiff here is the assignee of the deficiency judgment creditor.

The appellant makes two points, which we may consider together: (1) That whatever remedy respondent has against the surety on the undertakings must be limited to the last undertaking, given upon the appeal to the Court of Appeals; and if this is insufficient to afford it relief, it was folly for its assignor to accept it. (2) But, even assuming that the defendant is liable upon the first undertaking, no recovery can be based thereon, as it has no legal validity whatever.

The first undertaking is not the statutory undertaking. The relationship to the property of the party who sought the stay in the action in which it was given was not within the statutory terms employed in section 1331 of the Code of Civil Procedure. A stay could be secured by order or effected by agreement. (*Midwood Park Co.* v. *Baker,* 142 App. Div. 495.) The order recited was inappropriate to the facts existing. (*Concordia Savings & Aid Assn.* v. *Read,* 124 N. Y. 189.) The order was, however, valid as a common-law agreement. The minds of the parties met and assented to its terms. Its words, not those of the order, control. It accomplished the end contemplated by the parties, and defendant will not be permitted to object to its validity. (*Goodwin* v. *Bunzl,* 102 N. Y. 224; *Wing* v. *Rogers,* 138 id. 361; *Concordia Savings & Aid Assn.* v. *Read, supra; Carr & Hobson* v. *Sterling,* 114 N. Y. 558; *Toles* v. *Adee,* 84 id. 222; *American Ex. Nat. Bank* v. *Goubert,* 210 id. 421.)

It was certainly permissible for the respondent, upon the appeal to the Court of Appeals, to accept the second undertaking as one necessary to perfect the appellant's appeal without incurring the consequences which the surety would now attach to such an act.

We are not advised of any decision which holds that the liability of the surety in the undertaking on appeal to the Appellate Division is discharged by the same surety giving an inadequate undertaking on an appeal to the Court of Appeals from the Appellate Division's judgment of affirmance.

The judgment should be affirmed, with costs.

JENKS, P. J., THOMAS and CARR, JJ., concurred; PUTNAM, J., not voting.

Judgment affirmed, with costs.