SELF SERVICE SUPER MARKET, INC., Appellant, *v.* BENJAMIN HARRIS et al., Respondents.

First Department, May 8, 1951.

*Louis Susman* for appellant.

*Karl Propper* for Benjamin Harris, respondent.

*William Bregman* of counsel (*Bregman & Slow,* attorneys), for George Tiefer and Sam Seiderbaum, respondents.

*Per Curiam.* A landlord of business space occupied by a statutory main tenant and the latter's statutory subtenants sought to take advantage of the limited decontrol provisions of subdivision (k) of section 8 of the Business Rent Law (L. 1945, ch. 314) as amended in 1949 (L. 1949, ch. 535), which so far as here applicable, are set forth below.

A landlord may recover possession where " the landlord, subject to the following conditions, receives and accepts a bona fide offer to enter into a lease with a prospective tenant for any store at a rental of seventy-five hundred dollars per annum or more, for a term of not less than ten years, non-cancellable except for violation of any term or obligation of such lease, and the landlord offers to execute a lease containing the same terms and conditions with the tenant or tenants in possession and delivers simultaneously to the tenant in possession or to each tenant in possession, if there be more than one, a copy of such lease with the prospective tenant, and such tenant or tenants fail, neglect or refuse to execute such a lease within thirty days after tender thereof to such tenant or tenants ". (As amd. by L. 1950, ch. 326.)

The landlord entered into a lease with a new tenant under the terms and conditions prescribed by the amended statute here involved, i.e., for a term of more than ten years and for a rental of over $7,500 a year. This lease with the new tenant contained a clause providing in effect that the landlord obligated himself to give possession free from all tenancies and subtenancies and to institute the necessary dispossess proceedings to accomplish this result. The tenant in possession, who, as the amended statute required, was given the " first refusal " to lease on the same basis as the new tenant, insisted on a similar clause with respect to the giving of possession and the institution of dispossess proceedings by the landlord in the lease offered to the old tenant. The Municipal Court so found and there is ample basis in the record to support that holding. The landlord refused to insert the requested clause in the lease offered to the tenant in possession; the latter refused to sign, whereupon the landlord instituted summary proceedings against the statutory tenant and his subtenants. The landlord was successful in the Municipal Court but the Appellate Term

reversed, holding that the " Landlord failed to offer the tenant a lease containing the same terms and conditions as those offered to the prospective tenant and thereby failed to comply with the requirements of subdivision (k) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.)." (199 Misc. 476.)

We believe that the holding in the Municipal Court was correct. The 1949 amendment here in controversy was intended as a limited decontrol of business space from the operation of the emergency rent statutes. We must assume that the Legislature enacted a workable statute that would accomplish the purpose intended. We cannot assume that the Legislature intended that the amendment was not to apply where there were subtenancies; that would be reading something into the statute which is not there.

A reasonable construction warranted by the purpose and by the language of the statute is that, if the required conditions were met, the statutory rights of all those in possession, whether main tenants or subtenants, would terminate and the remedy by way of dispossess proceedings could be resorted to as if the emergency rent statutes generally had no application. That is so whether under the amended statute the lease is made to a new tenant or the old tenant in possession avails himself of the so-called " first refusal ".

We come then to the narrow question presented on this appeal: was the old tenant denied equality of terms and conditions because the landlord obligated himself in the lease with the new tenants to deliver possession of the premises and to institute dispossess proceedings against the tenant and his subtenants in order to accomplish this, but refused to insert such a clause in the lease offered to the old tenant. We hold that such refusal involved no denial of equality of terms and conditions within the meaning of subdivision (k) of section 8 of the Business Rent Law here involved. It was entirely appropriate, if not essential, for the landlord to agree to give the new tenant possession and to institute dispossess proceedings if necessary for that purpose. It was inappropriate and unessential for the landlord to give possession to the old tenant already in possession. In order to evict the statutory subtenants of the old tenant the landlord would have to evict the tenant himself. Whatever may be the relationship under the emergency rent laws for the purpose of dispossess proceedings, there is no privity between the landlord and the subtenants. The main tenant having met the requirements of the amended

statute, the statutory subtenancies have been terminated as had already been stated, and the main tenant as landlord is free to evict his own subtenants. Equality of treatment does not require the main landlord to evict the tenant and the latter's subtenants and then put back the tenant into possession under the new lease. Such a fictitious process was not contemplated by the amended statute.

The determination of the Appellate Term should be accordingly reversed, with costs of this appeal in this court and in the Appellate Term, and the final order of the Municipal Court herein in favor of the landlord reinstated.

CALLAHAN and VAN VOORHIS, JJ. (dissenting). In our opinion the refusal to insert in the lease offered to the statutory main tenant, Harris, a clause requiring the landlord to deliver possession free of all other tenancies constituted a failure to comply with the statutory requirement for equality. The landlord had offered to insert such a provision in the lease offered to the " stranger " Assail. Whether such clause would have obliged the landlord to dispossess Harris or the subtenants need not have been decided in advance of execution of the lease. Nor was it necessary at that time to decide the right of the landlord to proceed against the subtenants. The landlord, having chosen to obligate itself to deliver actual possession to Assail free of all subtenancies, was required to make an equivalent offer to Harris. It was for the landlord to find a way to fulfill this obligation.

The delivery of possession was an important step. The uncertainty of the law, the necessity of litigating the question presented, the requirement to pay the increased rent pending the determination of such litigation without receiving the fruits of possession, would all cast burdens on Harris, which the landlord agreed to assume as to Assail.

We find it appropriate to note our disagreement with the view expressed in the majority opinion that lack of privity would have legally prevented maintenance of summary proceedings by the landlord against subtenants. The former concept of the necessity for privity seems to have been disregarded in the legislative scheme as to statutory tenancies (*Tighe* v. *Sinclair Refining Co.*, 274 App. Div. 22; *WMCA, Inc.*, v. *Blockfront Realty Co.*, 272 App. Div. 800; see, also, Business Rent Law, § 4, subd. 4). Despite the absence of a conventional relationship, we have never heard questioned the right of a landlord to maintain summary proceedings against any statutory tenant or subtenant, who has rendered himself subject to eviction.

We agree that the present statute was intended to be a step in decontrol as to stores renting for more than $7,500 per annum, and that it was the purpose of the Legislature to end all statutory tenancies, including subtenancies, in such stores. We think that the Legislature in order to effectuate this scheme of decontrol intended to afford a landlord the right of summary eviction against all statutory occupants, who attempted to hold against the prospective lessees, irrespective of whether any conventional relationship existed. Sections 1410 *et seq.* of the Civil Practice Act read in connection with the emergency rent laws must be so construed. The Legislature having created these statutory tenancies could have, of course, destroyed them upon such terms as it saw fit. We cannot conceive that having determined to destroy such tenancies in the present case, it intended to deprive the landlord of the right to evict statutory occupants by summary proceedings merely because of lack of privity.

For the foregoing reasons, we dissent and vote to affirm the determination of the Appellate Term.

GLENNON, J. P., DORE and SHIENTAG, JJ., concur in *Per Curiam* opinion; CALLAHAN and VAN VOORHIS, JJ., dissent in opinion.

Determination reversed, with costs of this appeal in this court and in the Appellate Term, and the final order of the Municipal Court in favor of the landlord reinstated. Settle order on notice. [See *post,* p. 926.]