Vah Voorhis, J.
December 1,1941, the landlord’s predecessor in interest leased store space to the tenant’s assignor at 22-24 East 170th Street in The Bronx, for five years at an annual rental of $11,000 payable monthly. Defendant entered into possession as assignee prior to the expiration of this lease, and after its expiration on November 30, 1946 continued in *618 possession as a statutory tenant. On December 29, 1949 the landlord notified defendant that it had entered into a 21-year lease with Jacques d’Assail commencing February 1, 1950, at annual rentals of $16,500 for the first six years, $17,000 for the next nine years, and $17,500 for the balance of the term. This the landlord had the right to do pursuant to subdivision (k) of section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.) known as the 11 match lease ’ ’ clause. This clause provides, as is well known, that a tenant may be dispossessed where a landlord accepts a bona fide offer to enter into a lease with a different prospective tenant in certain cases upon terms specified in the statute, and if the landlord offers to execute a similar lease with the tenant in possession which is rejected.
Section 8 authorizes a Municipal Court Justice to stay the issuance of a dispossess warrant under such circumstances for limited periods of time, which, in case of a final order such as this, may not be more than three months following the time of commencement of the dispossess proceeding or one month from the entry of the final order, whichever is longer. In this instance such a stay was granted under the emergency rent law by reason of circumstances affecting the tenancy until July 2, 1950. Such a stay is granted regardless of whether an appeal has been or is to be taken, and depends upon other factors than whether an appellant would be likely to succeed upon appeal. We assume that defendant’s statutory tenancy was extended until the expiration of this stay on July 2, 1950, but it then terminated. Thereafter the landlord could not apply to increase the emergency rent, nor was the defendant entitled to the benefits conferred upon statutory tenants by the emergency rent laws.
The stays pending appeal which the tenant thereafter obtained under section 1443 of the Civil Practice Act did not prolong the defendant’s statutory tenancy under the applicable emergency rent law, but, like stays on appeal generally, continued the de facto situation until the appellate courts could determine whether it was also de jure. In this as in other kinds of appeal, the appellant usually procures a stay at his peril in event that he is unsnccessful in the prosecution of his appeal. Here, it was ultimately decided that the landlord was entitled to the issuance of a warrant at the latest upon July 2, 1950 (303 N. Y. 868). The decision by the Court of Appeals ended all stays which had been issued pending appeal, and appellant *619 vacated the premises on April 2 and 3, 1952 under a warrant which could not have been issued earlier on account of such stays.
Section 1443 of the Civil Practice Act is contained in the article relating to summary proceedings, and is entitled “ Warrants ; how stayed on appeal. ’ ’ It provides that stays pending appeal, where the tenant holds over after the expiration of his term, must be conditioned upon payment by the tenant of “ all costs and damages which the petitioner may suffer by reason of the stay herein provided for.” (Italics supplied.) The appeal which this defendant took from the final dispossess order of March 2,1950 to the Appellate Term was accompanied by a stay granted by a Justice of the Appellate Term, which recited that the stay was granted “ without prejudice to landlord”. On July 13,1950 the Appellate Term reversed the Municipal Court and dismissed the landlord’s petition (199 Misc. 476), but the Appellate Division reversed the Appellate Term and reinstated the final dispossess order of the Municipal Court (278 App. Div. 227). The Appellate Division granted leave to appeal to the Court of Appeals, at the instance of the tenant, and by the same order stayed removal of the tenant on condition that the tenant execute and deliver a surety company bond in the sum of $5,000 conditioned that if the final order were to be affirmed, “ said tenant # * * will pay to the landlord all costs and damages which said landlord shall suffer by reason of the stay hereby granted, pursuant to Sec. 1443 of the Civil Practice Act ’ ’. The Court of Appeals did affirm, as has been stated.
Stays issued pending appeal under section 1443 of the Civil Practice Act do not have the same effect as stays extending statutory tenancies pursuant to subdivision (k) of section 8 of the emergency rent law. The dissenting opinion reasons that under section 1434 of the Civil Practice Act a tenant is deemed to continue to be a statutory tenant during the life of a stay pending appeal, with the consequence that damages can never arise from the stay even if the appellate courts eventually hold that he did not possess the rights of a statutory tenant while the stay was outstanding. That would nullify the requirement of section 1443 that the tenant pay damages pending appeal in case of affirmance and make it an idle ceremony to give an appeal bond under section 1443. That section states that such *620 stays shall only be granted upon condition “ that he will pay all costs and damages which the petitioner may suffer by reason of the stay herein provided for.”
The existence of damage in this case is unquestioned. Appellant himself complains that the “ match lease” would have required him to increase his payments of rental by 50%. There would have been a difference between the $16,500 rental in the match lease and $11,000 as the statutory rental over the period of a year and nine months during which the final dispossess order was under review. Section 1434 of the Civil Practice Act bears on its face the indication that it was not designed for statutory tenancies, inasmuch as its language refers to lease contracts expiring after the date of eviction. It was not designed to prolong a statutory tenancy but to shorten a contractual one where the tenant vacates under a warrant before the expiration of his term. Section 1434 was not designed to emasculate the requirement of section 1443 in the same chapter of the Civil Practice Act, that a tenant must undertake that he will pay all damages which may be suffered by reason of a stay pending appeal. If a tenancy could not end until a dispossess warrant issued, regardless of the affirmance of the final order, there could never be any damages by reason of a stay preventing the issuance of a warrant pending appeal. The language of section 1443 would be ineffective. A final order, subsequently affirmed, determines that the tenancy ended before the appeal was taken; but under appellant’s theory the tenancy does not end until a warrant is issued, which cannot be issued without contempt while the stay is outstanding. Consequently no damages would arise from a stay even though the appellate court decides that the stay resulted in continuing the tenant in possession after his tenancy had ended. Thus section 1434 would be held to nullify this portion of section 1443, and the tenant allowed to elevate himself by lifting his own bootstraps. This is different from whether the Municipal Court Justice could prolong the statutory tenancy for a limited time by granting a stay under section 8 of the emergency rent law. That kind of a stay is granted or withheld regardless of whether an appeal is pending or contemplated. It is designed for the sort of situation where hardship would be imposed upon a tenant if he had to vacate immediately upon the entry of the final order, as, for example, where a great deal of cumbersome property *621 would have to be removed from the demised premises or the tenant exposed to other kinds of loss or serious inconvenience. That does not relate to whether the litigated questions are sufficiently uncertain to justify keeping the tenant in possession against the event that the final order might be reversed so as to render removal unnecessary. The considerations underlying the granting or withholding of these different kinds of stays are unrelated.
The case of Smith v. Feigin (276 App. Div. 531) is cited as having spawned a progeny which appellant asks be overruled on this appeal. The following excerpt from Smith v. Feigin (supra, p. 535) is cited as being especially erroneous: “ Defendants were formerly statutory tenants, to be sure, but were held to be trespassers when plaintiff obtained a final dispossess order in the Municipal Court. After that they were no longer entitled to take advantage of a rent which had been held down by the Legislature through an exercise of the police power for the benefit of legitimate statutory tenants.”
It is then argued that there is no basis for calling this defendant a trespasser even after the expiration of his tenure under the emergency rent laws. It is said that he could not be a trespasser while the dispossess warrant was stayed pending appeal. We hold, as has been stated, that this statutory tenancy lasted until the expiration on July 2, 1950 of the stay granted under the emergency rent law. But that stay was of a different kind from the stays pending appeal, it was prompted by different reasons, it was designed for different purposes, and, regardless of whether this tenant was technically a trespasser after July 2, 1950, his occupation of the premises after that date has been held by this court to have been without right or justification in law.
The tenant is not to be relieved in respect of money damages of the force and effect of a judgment because he is given the right to continue in occupancy while he seeks a review of the judgment that has fixed his status. It was decided on appeal that the Municipal Court was correct, that whatever his technical status may have been, he was withholding a possession to which plaintiff was entitled.
If defendant had been a statutory tenant during the pendency of the appeals, which he was held not to be, he would have been subject to possible increases in rent pursuant to the emergency *622 rent law. The landlord was not in position to invoke these provisions, however, inasmuch as appellant was not a statutory tenant. This is not the case of Colonna & Co. v. Anthony M. Meyerstein, Inc. (198 Misc. 556, affd. 278 App. Div. 588, motion for leave to appeal denied 302 N. Y. 948) where the tenant needed extra time to remove from the premises about a million dollars worth of disassembled parts of machinery owned by the United States Government. Four months’ time was there allowed after the dispossess order in which to remove these disassembled parts by a stay which was granted under the emergency rent law. The stays in controversy in the case now before the court were not granted under the emergency rent law on account of any special hardship such as that presented in Colonna to enable property to be removed from the demised premises, but pursuant to section 1443 of the Civil Practice Act against the contingency that the dispossess order might be reversed on appeal.
Concerning the undertaking for the stay on appeal to the Court of Appeals the Special Term Justice said, in granting the judgment now under review: “ The giving of this undertaking was no idle ceremony. It was intended to comply with section 1443 of the C. P. A. and to conform to the direction and order of the Appellate Division. It was not signed, acknowledged, approved by a justice of the Appellate Division and filed, but it was intended to secure a stay. It was treated as an appropriate and effectual instrument for that purpose. There was forebearance on the part of the plaintiff because of it. The undertaking was not an illegal one, but one founded on a good consideration. A sense of justice demands its enforcement (Goodwin v. Bunzl, 102 N. Y., 224). In Wing v. Rogers (138 N. Y., 361 at p. 366) the court said: ‘ The defendant in this case is liable if the instrument which he executed secured for his principal the advantage and benefits which the court had in view when granting the order, and which were fairly within contemplation of the parties. ’ And it was further said 138 N. Y. at p. 367: ‘ But we have a right to look at the recitals therein and the legal proceedings out of which it grew in order to determine its real consideration and conditions’ (see also 11 C. J. S. Bonds, sec. 40, p. 421; Union Bank of Brooklyn v. American Bonding Co., 174 App. Div., 542).”
*623 In the instant case, the trial court found damages in the sum of $7,224.84 and this finding was unanimously affirmed by the Appellate Division. These damages were based on defendant’s failure to abide by the ‘1 match lease ’ ’ obligations as required by subdivision (k) of section 8 of the emergency rent law, but accrued from March 2,1950 when the final order of dispossession was entered in the Municipal Court. We hold that they should have been computed from July 2, 1950, when the stay expired that was granted under the emergency rent law.
The circumstance that the dispossess order of the Municipal Court was reversed by the Appellate Term does not partially relieve appellant from liability, for the reason that the order of the Municipal Court was reinstated by the Appellate Division and its reinstatement affirmed by the Court of Appeals. The question is analogous to that which has been presented in actions against sureties on appeal bonds where “ It is well settled that an intermediate reversal of a judgment does not discharge the surety on an appeal bond if the higher court subsequently reverses the intermediate court. (Foo Long v. American Surety Co., 146 N. Y. 251; Robinson v. Plimpton, 25 id. 484; Doolittle v. Dininny, 31 id. 350, 353; Humerton v. Hay, 65 id. 380.) ” (Consolidated Ind. & Ins. Co. v. Dein, 233 App. Div. 380, 383.) The order of the Appellate Term had to be conformed, in effect, to the remittiturs from the Appellate Division and the Court of Appeals, with the same result for this purpose as though the appeal to the Appellate Term had originally been decided as it should have been.
The judgment appealed from should be modified by remanding the matter to the trial court to reassess the damages against appellant by limiting them to such as were incurred after July 2,1950, and, as so modified, the judgment appealed from should be affirmed, without costs.