FRANCIS E. DERAISMES, Respondent, v. HAROLD L. R. THOMAS et al., Appellants.

(Argued October 6, 1932; decided November 22, 1932.)

*Avel B. Silverman* and *George L. Naught* for appellants. Counsel fees are not recoverable under the bond in suit. (*Cook* v. *Gross*, 60 App. Div. 446; *Sinskie* v. *Brust*, 66 App. Div. 34; *Hampton & Branchville R. R. & Lumber Co.* v. *Sizer*, 35 Misc. Rep. 391.) The item of costs and disbursements cannot be recovered. (*Loweree* v. *Tallman*, 30 App. Div. 225; *Southerland* v. *Sheffield*, 2 Wend. 293.)

*Eugene Morgan Hawkins* and *William L. Tierney* for respondent. The judgment is sustained by the evidence. (*Long Island Contracting Co.* v. *City of New York*, 142 App. Div. 1; *Katz* v. *Atfield*, 3 Misc. Rep. 621; *Souhami* v. *Brownstone*, 108 Misc. Rep. 382; *Kametz* v. *DeRonde*, 231 N. Y. 255; *Davidson* v. *Bulkley*, 202 N. Y. Supp. 922; *Sacks* v. *American Surety Co.*, 72 App. Div. 60; *Corcoran* v. *Judson*, 24 N. Y. 106; *Andrews* v. *Glenville*, 50 N. Y. 282; *Tying* v. *American Surety Co.*, 174 N. Y. 166; *Meyer* v. *Best*, 120 U. S. 206; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Warner* v. *Ross*, 9 Abb. N. C. 385; *Kent* v. *Sibley*, 15 Daly, 298; *United Surety Co.* v. *Meehan*, 211 N. Y. 39;

*Ten Eyck* v. *Sayer,* 76 Hun, 37; *DeCamp* v. *Burns,* 33
App. Div. 517; *Bennett* v. *Brown,* 20 N. Y. 99; *Perlman*
v. *Bernstein,* 93 App. Div. 335; 179 N. Y. 531; *Browning*
v. *Stillwell,* 42 Misc. Rep. 346; 87 N. Y. Supp. 1129;
*McElroy* v. *Mumford,* 128 N. Y. 307; *Reeves* v. *Sullivan,*
117 App. Div. 814.)

KELLOGG, J.  In summary proceedings, instituted by
the plaintiff landlord against the defendant tenant,
Harold Thomas, a final order dispossessing the tenant
and awarding to the landlord the possession of the rented
premises was obtained.  The tenant appealed to the
Appellate Division, and procured an order staying the
execution of the order of dispossession until the determi-
nation of the appeal, upon the filing of an undertaking,
conditioned upon terms prescribed by that tribunal.
Such an undertaking, executed by the defendant Harold
Thomas as principal, and the defendant American Surety
Company of New York as surety, was subsequently
filed.  By this instrument the defendants undertook, in a
sum not to exceed $5,000, that " if said appeal be dismissed
or determination is rendered against the appellant, he
will pay any costs and damages and any damages or
loss which may  *  *  *  have been occasioned through
or because of the petitioner herein being kept out of
possession and the value of the use and occupation of
the premises subsequent to the institution of the special
proceeding."  The order of dispossession was affirmed on
the appeal and this action was then brought upon the
undertaking.  After a trial of the issues at Special Term,
that court made a decision, finding that the damages
suffered by the plaintiff and recoverable by him aggre-
gated the sum of $1,500, and judgment followed accord-
ingly.  The items, entering into the total damages
found, though not separately determined, were three in
number.  Item One.  This was a charge for " the value
of the use and occupation of the said premises subse-

quent to the institution of the special proceedings." The value was conceded to be $50 per month and the total sum was readily calculable. Item Two. This consisted of " the damages and costs of the plaintiff." As we conceive it, the undertaking in providing for the recovery of such an item made provision for none other than the payment of taxable costs and disbursements. As no proof was given that costs had been taxed in any particular sum, this item should not have entered into the recovery. Item Three. This consisted of " damages or loss which were occasioned through or because of the plaintiff being kept out of possession." The only proof given in support of this item was that the plaintiff had employed counsel in the dispossession proceedings and that their services were of a value in excess of $3,000. We do not think that the charges for counsel fees constituted damages which have been occasioned " because of the petitioner herein being kept out of possession," within the meaning of the undertaking. They did not arise from the fact that the plaintiff was temporarily deprived of possession; rather, they resulted from the legal steps resorted to by the plaintiff to regain possession. We think that the undertaking was intended to secure the plaintiff only against a natural loss which might have accrued through non-possession; not against a loss resulting from an artificial means resorted to in order to replace him in possession. The trial judge was clearly in error when he incorporated in the total damages found the item for costs and disbursements which had not been taxed, and the item for counsel fees.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event. (See 260 N. Y. 698.)

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., not sitting.

Judgments reversed, etc.