Thomas J. Cute, J.
Motion by respondent to dismiss the petition herein, which is an application pursuant to section 13 of the Business Bent Law (L. 1945, ch. 314, as amd. by L. 1950, ch. 326) to have this court fix the rental value of certain store premises.
Petitioner rented its premises to respondent, entering into a three-year written lease, dated February 28, 1943. The lease provided for graduated rent. It also gave to respondent the option of renewal for two successive three-year periods. Bespondent availed itself of those options, the last renewal expiring April 30, 1950. The parties did not renew the lease or enter into another lease. In fact petitioner, after April 30, 1950, made a lease with a different tenant after first having offered to respondent (if that makes any difference) a similar lease on the same terms. When respondent failed to accept the newly proffered lease, petitioner instituted a proceeding in the Municipal Court of the City of New York to dispossess respondent. On May 9, 1950, that proceeding was heard and respondent consented to the entry of a final order. A stay of issuance of the warrant of eviction pursuant to said final order was granted (it seems also on consent) until September 1, 1950. The final order contained the provision that during the stay respondent was to pay “ for use and occupation same amount now paid as rent.” Upon motion by petitioner, opposed by respondent, an order was entered (June 1, 1950) amending said final order by striking out the above-quoted clause. Those were the steps that had been taken and the facts existing at the time petitioner proceeded in this court (May 17, 1950) to have the rent fixed in accordance with section 13 of the Business Bent Law. That provision of law declares that ‘ ‘ upon the expiration of such lease [the lease at bar was such a lease], the emergency rent r1i3.11 be a reasonable rent to be fixed by agreement, by arbitration, or by the supreme court ’ ’.
The lease at bar expired April 30, 1950, by its terms. The lease was not renewed. The relationship of landlord and tenant between petitioner and respondent continued in spite of the dispossess proceeding and the final order, for only the issuance of the warrant would have changed that relationship. (Kimmel- *927 man v. Tenenbaum, 182 Misc. 558; Colonna & Co. v. Anthony M. Myerstein, Inc., 198 Misc. 556.) Under these conditions petitioner had a right to proceed under the Business Bent Law to have the rent of the premises fixed, for the relationship between petitioner and respondent was no different from any situation where a lease had expired. Bespondent’s contention that petitioner having resorted to dispossess could not invoke the Business Bent Law may not be sustained for it is asserted without authority to support it and it defies the logic attendant upon the circumstances. The motion is denied.