COLONNA AND COMPANY, INC., Appellant, v. ANTHONY M. MEYERSTEIN, INC., et al., Respondents.— In an action by plaintiff landlord against defendants, a former tenant and a surety on an undertaking given by the tenant to obtain stays of issuance and execution of a warrant of dispossess, instituted to recover damages allegedly sustained by reason of the tenant's failure to remove from the premises after the entry of a final order in summary proceedings, plaintiff appeals from a judgment in favor of defendants, entered after trial before the court, without a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [198 Misc. 556.] [See *post*, p. 697.]

■

AUSTIN W. CONKLIN et al., as Trustees of JOHNSONTOWN METHODIST EPIS-COPAL CHURCH, Appellants, v. PALISADES INTERSTATE PARK COMMISSION et al., Respondents.— Appellants sued as trustees of the Johnsontown Methodist Episcopal Church, an unincorporated religious association, to recover certain furnishings and personal property which they claimed were wrongfully withheld from them, as such trustees, by respondents Palisades Interstate Park Commission and Frank Cantido. Respondent Palisades Interstate Park Commission obtained an order permitting it to interplead the respondents who are the trustees of the Newark Annual Conference of the Methodist Church. On motion of the respondent trustees, appellants' complaint was dismissed, by order of the County Court of Rockland County dated January 30, 1950, on the ground that the plaintiffs had no legal capacity to sue; and on March 13, 1950, plaintiffs' motion, denominated as one for reargument, was denied, by order of the County Court of Rockland County, bearing that date. Plaintiffs appeal from both orders. The motion denominated as one for reargument, was, in fact, an application for leave to renew on additional papers, and will be so considered on this appeal. (Cf. *Matter of Rand,* 273 App. Div. 859.) Orders reversed on the law and the facts, with $10 costs and disbursements, and respondent trustees' motion to dismiss plaintiffs' complaint on the ground that plaintiffs do not have legal capacity to sue, denied, with $10 costs, with leave to respondents trustees to answer within ten days, and to allege in their answer, as a defense, if so advised, the facts alleged in support of their motion to dismiss the complaint. (Rules Civ. Prac., rule 108.) In our opinion, questions of fact were presented by the affidavits submitted, which should not have been summarily decided. Rule 107 of the Rules of Civil Practice was not intended to deprive parties of their right to trial of disputed questions of fact. (*Giannavola* v. *General Ry. Signal Co.,* 244 App. Div. 65.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.