207–17 WEST 25TH ST. CO., INC., Plaintiff, *v.* BLU-STRIKE SAFETY RAZOR BLADE CO., INC., Defendant.

Supreme Court, Trial Term, New York County, October 3, 1951.

*Morton G. Rosenberg* for plaintiff.

*Jesse H. Barkin* and *Manuel Tancer* for defendant.

HOFSTADTER, J.  The controversy to be determined on this assessment of damages, pursuant to an order awarding the plaintiff summary judgment on its second cause of action, presents an interesting question under the emergency rent laws.

The defendant, on the expiration on January 31, 1946, of its written lease of the fifth floor in a loft building in this city, to be used " for manufacturing, selling, shipping and executive offices for tenant's razor blade business ", continued in possession as a statutory tenant.  The plaintiff has succeeded to the landlord's interest in the premises.  On April 15, 1947, the

defendant moved its plant, equipment and office to another building, where it conducted its operations. Nevertheless, though it was no longer doing business or making any real use of the loft in the plaintiff's building, it clung to possession of the same and continued to pay the emergency rent therefor, insisting that the emergency rent legislation gave it the right so to do. The plaintiff landlord, contending that the emergency laws were never intended to protect such colorable possession, which, according to its claim, the defendant was using solely to force the plaintiff to pay a large sum to recapture the loft, thereupon instituted a summary proceeding in the Municipal Court to evict the defendant. That court made a final order awarding possession to the plaintiff, but stayed the issuance of the warrant until April 18, 1948. After protracted litigation in the appellate courts, during the pendency of which the defendant remained in possession under stays obtained by it, the plaintiff's position was vindicated. After the final decision in the plaintiff's favor the defendant surrendered possession on January 31, 1949.

It is undisputed that for the period from April 18, 1948, to January 31, 1949, the defendant paid the emergency rent at the rate of $5,328 a year. In its second cause of action the plaintiff asks for the difference between this emergency rent and the claimed reasonable rental value of the loft for the foregoing period. Expert testimony was given by the plaintiff that the reasonable rental value was $15,000 a year. Summary judgment on the cause of action with an assessment of damages has been ordered by the Appellate Division (*207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.*, 277 App. Div. 93).

In the course of its opinion the Appellate Division made the following significant observations (p. 96): " In determining this question, however, consideration must be given to the provisions of the emergency rent laws restricting the rent to be obtained for commercial space subject to such laws. If the proof establishes that higher market value existed despite such restrictions, there may be a basis for fixing compensatory damages. On the other hand, if the trier of the claim for damages should find that the emergency rent represented the best rent legally obtainable, an award of only nominal damages would be proper."

In the light of the foregoing, it is obvious that in ascertaining the damages, consideration must be given to the rent restrictions imposed by the emergency rent laws. This problem has been narrowed and simplified by a concession made on the

record by the plaintiff. The concession is that the emergency rent of $5,328 per annum paid by the defendant "could not be increased under any of the provisions of Section 4 of the Emergency Rent Control Laws for the period from April 18, 1948 to January 31, 1949." This concession is clear and direct and says as plainly as words can that for the period in question no rent in excess of this emergency rent was legally recoverable.

The plaintiff urges that, despite the rigorous provisions of the emergency rent laws aimed at the exaction of more than the legally established rent, the absence of a specific prohibition of the payment of excessive rent entitles it to damages predicated on the reasonable rental value testified to by the experts. This view must be rejected. A so-called reasonable rent above the legally collectible rent is, of itself, a misnomer. To give such excessive rent the sanction of law by allowing it to serve as the basis for a recovery here would wholly undermine the emergency rent legislation. The chief aim of that legislation was to put an end to rent gouging. The conditions which led to extravagant rental demands and payments made this legislation imperative. To recognize as valid a rent in excess of that lawfully established merely because a landlord is able to find a tenant willing to pay it, would encourage the very evil the Legislature sought to suppress.

Accordingly, I hold that inasmuch as the plaintiff, by its own concession, could not lawfully collect more than the emergency rent, which the defendant has already paid, it may recover nominal damages only.

Nothing decided in *Smith* v. *Feigin* (276 App. Div. 531) is contrary to the conclusion here reached. If it were, the court would still be bound by the later ruling in this very action.

The defendant's motion to dismiss the second cause of action is necessarily denied, the Appellate Division having ordered an assessment of damages on that cause of action. Its motion to strike out the testimony of the plaintiff's witnesses is likewise denied. The defendant may have an exception to the denial in each instance.

Settle judgment accordingly.