105 FRANKLIN STREET CORP., Appellant, *v.* SAMUEL SERATOFF et al., Respondents.

First Department, June 8, 1954.

*Nathan Schwartz* of counsel (*William S. Klinger,* attorney), for appellant.

*Irving Lederman* for respondents.

BERGAN, J. The plaintiff is the owner of real property which had been leased to the defendants Seratoff and Sabin Metal Corp. for commercial purposes. The lease having expired in 1948, the lessees continued to occupy the demised premises as

statutory tenants. On the ground that the sole stockholder of plaintiff landlord required the premises for his own use the plaintiff served a thirty-day notice on tenants requiring them to remove on September 1, 1951, and thereafter instituted a proceeding in the Municipal Court to recover possession of the premises.

A final order in the proceeding was entered October 18, 1951, which was stayed in the Municipal Court and on appeal a further stay was granted by the Appellate Term which remained in effect until the affirmance of the order on January 3, 1952. Possession of the premises was surrendered to plaintiff January 20, 1952. It is stipulated that no warrant was applied for or issued at any stage of the summary proceeding.

The tenants paid the emergency rent during the period of occupancy in dispute. One cause pleaded in this action is for the recovery of the difference between the emergency rent paid and the fair rental value of the premises during the period between September 1, 1951, and January 31, 1952.

The lease between the parties provided that if the landlord were required to incur any expense, including reasonable attorney's fees in prosecuting any proceeding " by reason of any default of Tenant hereunder ", the amount of such expense would be recoverable as additional rent. The plaintiff in a second cause of action seeks recovery under this provision for the legal expenses incurred in the proceedings to remove the tenants.

After a trial of this action in the Municipal Court, judgment was entered for the defendant. On appeal the Appellate Term affirmed by a divided court. We are of opinion the affirmance was right.

The theory of the cause of action for recovery of the fair and reasonable rental value of the premises and the theory of recovery for the attorney's fees under the lease incurred " by reason of any default of Tenant hereunder " have had a somewhat different judicial development and require separate treatment.

It has commonly been held that the final order in summary proceedings does not terminate the relationship of landlord and tenant and that the point of termination occurs upon the issuance of the warrant which gives possession to the landlord. Until that time the summary proceeding is still deemed pending. (*People ex rel. Rayland Realty Co.* v. *Fagan,* 194 App. Div. 185, affd. 230 N. Y. 653.)

This principle was applied in a case very similar to the one now before us by the Appellate Division, Second Department, in *Colonna & Co.* v. *Anthony M. Meyerstein, Inc.* (278 App. Div. 588), where it was held that a statutory tenant is not a trespasser during the period a final order is stayed by the court granting the final order or during the period it is stayed on appeal prior to the issuance of the warrant.

In *Smith* v. *Feigin* (276 App. Div. 531), this court, however, held that statutory tenants were no longer able to take advantage of the emergency rent after the issuance of a final order dispossessing them on an application for occupancy for the owner's immediate use, but would be required to respond in damages for the period in which the order was being reviewed. In that case the claimed damage was the amount which the owner was required to pay as carrying charges to keep the disputed space available (p. 534) which was the only relevant measure sought (p. 535).

It may well be that the *Feigin* case (*supra*) is, as the respondent here argues, distinguishable by its special circumstances, but the dictum of the court suggested rather pointedly the availability as damage of the difference between the statutory rental and the fair rental value had such a theory of damage been presented. And in *207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.* (277 App. Div. 93), decided later the same year (1950), this court construed the *Feigin* decision as allowing damages, under the circumstances there being considered, of the difference between the emergency rent and the fair and reasonable rent.

But the court in the *Blu-Strike* case (*supra*) was careful to require that when this differential was examined due regard be given to the contemporaneous existence of emergency rent regulations and their effect on the fair value of rent in the market (p. 96). Another branch of the case was reviewed in the Court of Appeals (*207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.,* 302 N. Y. 624), but not this part of the decision which directed an assessment of damage. There are some other differences between the *Blu-Strike* case and the one now before us which will be noted.

When the *Blu-Strike* case (*supra*) came back to the Special Term for the assessment of damages on the difference between the emergency rent and the fair rent, the court held very distinctly in an incisive opinion by Mr. Justice HOFSTADTER that since the landlord would not have been able to increase the rent

under the emergency rent laws which were applicable to the property and which had been paid by the tenant, no damage existed and plaintiff was entitled to recover "nominal damages only". (200 Misc. 243, 245.) The judgment thus resulting was affirmed here (279 App. Div. 1071) and in the Court of Appeals (305 N. Y. 683) without further comment.

From all of this it is clear that the Municipal Court was justified on the record before us in ruling that the plaintiff had not established damage by merely showing some opinion evidence that the reasonable value of the premises differed from the emergency rent. There was no proof of special circumstances showing the existence of value in the market under consideration, separable from the emergency rent control, which would be applicable to these premises.

When we turn our attention to that part of the complaint which seeks recovery for attorney's fees incurred by the landlord in prosecuting the Municipal Court proceeding to recover possession on the ground the owner's sole stockholder wanted it for his own use, we touch upon a somewhat different problem.

The text of the lease here is quite similar to that in the *Blu-Strike* case and in this court it was held in the decision reported (277 App. Div. 93, *supra*), that the lease was not germane to the proceeding for possession and therefore the provision adding attorney's fees to the rent as damage was inapplicable; and that cause of action was dismissed (p. 95). It was this part of the decision that was reversed (*207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.*, 302 N. Y. 624, 626, *supra*).

The memorandum of reversal in the Court of Appeals noted that the lease "imposes liability on defendant for the reasonable amount of the plaintiff's attorneys' fees for effecting the removal of defendant from the premises".

The effective differences between that case and this one, however, become apparent when the records are compared. There, the defendant was not merely holding over as a statutory tenant in possession. The tenant had moved out of the premises and kept the space under lock and key, vacant and unused, and refused to surrender possession to the landlord. The court held in the first appeal (*207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.*, 274 App. Div. 1051) that this was a wrongful attempt by the tenant to gain a speculative advantage by retention of the premises and that the tenant was no longer entitled to the protection of the emergency rent laws.

It is in such a context and in this background that the provision of that lease allowing attorney's fees on proceedings based on " any default of Tenant hereunder " must be read. The tenant, there, it was plainly held, had no right to retain the premises without using them and that kind of detention was not occupancy within the protection of the emergency rent law.

But it can scarcely be reasonable to say that a statutory tenant is in " default " when he resists in court and in good faith a proceeding by a landlord seeking possession of premises for his own immediate use. The right to get possession that way against a statutory tenant does not mature until a court holds with finality that the claim of the landlord to possession is asserted in good faith. A defense to such a proceeding which the statute affords a tenant, is not a default under the lease even though the court ultimately determines that the landlord seeks the premises for his own use and awards him possession. It would do utter violence to plain language to say that resistance in court to such a proceeding is a " default " under this lease.

The order and judgment of the Appellate Term should be affirmed, with costs.

COHN, J. P., and BOTEIN, J., concur; BREITEL and BASTOW, JJ., dissent and vote to reverse and grant judgment to the plaintiff, with an assessment of damages, on the authority of *Smith* v. *Feigin* (276 App. Div. 531) and *207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.* (302 N. Y. 624, revg. 277 App. Div. 93).

Determination affirmed, with costs.