The judgment of conviction should be reversed and the information dismissed.

Peck, P. J., Bastow, Rabin, and Cox, JJ., concur in decision; Frank, J., dissents and votes to reverse and dismiss in opinion.

Judgment affirmed.

Ada Amorose, Respondent, v. Alexander Price et al., Appellants, et al., Defendant.

Frank, J. (dissenting). The plaintiff herein commenced an action in the City Court against the defendants to recover damages upon two causes of action. The first was for damages sustained by the plaintiff as landlord because she was deprived of possession of premises 129 West 86th Street by the acts and conduct of the defendants in obtaining " stays of all proceedings " in the Appellate Term and then in this court, pending appeals by the defendants from a final order awarding possession to the plaintiff. The second was for damages due to the deterioration and disrepair of the premises and for loss of profits as the result of the alleged unlawful and wrongful withholding of possession from the plaintiff by the defendants.

After a trial in the City Court the complaint was dismissed on the merits. The plaintiff appealed from the judgment of dismissal to the Appellate Term which unanimously reversed the judgment of dismissal and ordered a new trial.

In the original possessory action in the Municipal Court, a final order in favor of the plaintiff was signed and filed on March 19, 1953. By the terms of that final order the issuance of the warrant was stayed to and including June 30, 1953. The premises involved consisted of a five-story building containing ten apartments. The defendants occupied one and sublet the others as furnished apartments. All of these were rent-controlled. It is not disputed that the defendants were tenants of the premises under a lease which by its terms expired September 30, 1952, and that the defendants continued in possession thereafter as statutory tenants. The plaintiff sought to terminate defendants' possession approximately two weeks later, by a notice dated October 15, 1952. Although academic now, it may be observed that the final order was erroneously granted. The petition in the possessory action was predicated upon subdivision 6 of section 52 of the State Rent and Eviction Regulations. The Municipal Court granted the final order, as appears from the opinion filed and made a part of the order, for a violation of subdivision 1 of section 52 of the regulations. No notice to cure the violation was served as required by subdivision 1.

On the trial of this action to recover damages the plaintiff conceded: (1) that she had no cause of action for deterioration of or physical damage to the property involved; (2) that the rent as fixed by law had been paid to the date the defendants vacated; (3) that all costs in the possessory proceedings including the appeals had been paid. The damages sought to be recovered were thus

limited to loss of profits. The Appellate Term in reversing held that plaintiff was entitled to recover damages consisting of the net profits provable from the date of issuance of the final order (March 19, 1953) to the date when the defendants vacated (January 29, 1954). The profits so designated were to be the difference between the rent received by the plaintiff from the defendants for the entire building and the rents collected by the defendants from the tenants of all the apartments in the building less the operating expenses and the rental value of furniture supplied by the defendants.

Parenthetically, it should be noted that after the issuance of the final order and during the pendencies of the various appeals, the tenants paid a 15% " across the board " increase in rent when this increase was enacted into law (State Residential Rent Law, § 4; L. 1946, ch. 274, as amd.). This increase was paid at the demand of the landlord and accepted by her.

It is my view that there can be no recovery by a landlord against a tenant for damages as sought here so long as the relationship of landlord and tenant exists. That relationship did not terminate until the warrant was issued on January 27, 1954. The tenant vacated the premises and surrendered possession on January 29, 1954. Up to that time, the defendant continued to pay and the landlord to accept the rent as fixed by law. No recovery is sought here for that rent.

It is the settled law that until the issuance of a warrant following the signing of a final order there is no termination of the relationship of landlord and tenant (Civ. Prac. Act, § 1434; People ex rel. Rayland Realty Co. v. Fagan, 194 App. Div. 185, 187, affd. 230 N. Y. 653; Colonna & Co. v. Anthony M. Meyerstein, Inc., 198 Misc. 556, affd. 278 App. Div. 588, motion for leave to appeal to the Court of Appeals denied 278 App. Div. 697).

If, therefore, the relationship was not terminated until the warrant was issued or the premises surrendered, and since this was not a nonpayment summary proceeding, defendants may not be required upon any theory of damages to pay a greater sum either as additional rent or for use and occupation than was paid by them and accepted by the landlord. If the plaintiff is permitted to recover by this action any rent differential whether it be from the time of the entry of the final order or from the date of the expiration of the stay, it can only be upon the theory that the defendants are to be considered as trespassers. In Stern v. Equitable Trust Co. of N. Y. (238 N. Y. 267) the Court of Appeals discussing the effect of continuance of possession after termination of a lease under rent control laws, stated (p. 270) : " The tenant does not by remaining in possession tender an option to the landlord to put him out as a trespasser ".

The plaintiff asserts that recovery is authorized by Smith v. Feigin (276 App. Div. 531) and the Appellate Term so expressly held. However, that case is distinguishable on the facts. In the opinion it was stated that (p. 535), " Defendants were formerly statutory tenants, to be sure, but were held to be trespassers when plaintiff obtained a final dispossess order ". In discussing the damages sought by Smith from Feigin, which in one branch of that case was the difference between the sum received from defendants by plaintiff and the payments which Smith was required to make for the premises, this court (p. 535) said : " If defendants had been statutory tenants, plaintiff could have had recourse * * * under section 4 of the Business Rent Law * * * for an increase in the emergency rent * * *. Plaintiff could not apply for such a rental against defendants, since they were not statutory tenants but trespassers."

That the defendants in this case were not trespassers as the defendants were held to be in the Smith v. Feigin case is evidenced not alone by the continuance of the landlord and tenant relationship before the issuance of a warrant but by the plaintiff's affirmative acknowledgment of the statutory relationship

in demanding and receiving a 15% statutory increase in rent after the issuance of the final order.

Recovery in *Smith* v. *Feigin* was permitted upon the authority of *Snow* v. *Pulitzer* (142 N. Y. 263). A reading of the *Snow* case indicates that the Court of Appeals permitted recovery of damages by a tenant against his landlord because the plaintiff while in possession of premises under a lease was wrongfully evicted by the landlord who caused the building to be torn down about him.

So too, is the case of *207–17 West 25th St. Co.* v. *Blu-Strike Safety Razor Blade Co.* (277 App. Div. 93, revd. in part on other grounds, 302 N. Y. 624), distinguishable on the question here involved. The defendant in that case vacated the premises and thus terminated the relationship. What then followed was the dispossession of a trespasser. It thus appears that a further limitation was placed upon the rule enunciated in *Smith* v. *Feigin* (276 App. Div. 531, *supra*).

In the case of *105 Franklin St. Corp.* v. *Seratoff* (284 App. Div. 262) this court, while recognizing the principle involved, by its reference to the *Colonna* case (278 App. Div. 588, *supra*), felt constrained to follow *Smith* v. *Feigin*, although in his opinion, Mr. Justice BERGAN stated, " It may well be that the *Feigin* case (*supra*) is  *  *  *  distinguishable ". If recovery is permitted in this case, we are virtually overruling the accepted basic principle as to the point of termination of the landlord and tenant relationship.

The final order was dated March 13, 1953, but contained a stay of the issuance of the warrant until June 20, 1953. The Municipal Court had the power to provide for the stay in the exercise of discretion. Certainly up to the latter date the tenant remained legally in possession by virtue of the statute (Civ. Prac. Act, § 1436-a) authorizing a stay upon terms to be imposed. The defendants here complied with the terms imposed. Yet the Appellate Term held that damages are recoverable from the date of the final order.

After the filing of a notice of appeal, the tenant applied to the Appellate Term for a stay pending appeal. The stay was granted upon terms which will be hereinafter discussed. The final order was thereafter affirmed. On December 4, 1953, by order to show cause, a further stay was granted by this court pending application for leave to appeal. Such leave was denied by this court on January 19, 1954, and the tenant vacated on January 29, 1954.

It cannot be held that the defendants violated an obligation to surrender possession by the exercise of their right to appeal to the Appellate Term and in seeking leave to appeal to this court. Such a holding, however, is precisely implicit in the determination reached by the Appellate Term and by the majority in this court. The defendants in applying for a stay of the issuance of the warrant did so under the express authority of the Civil Practice Act (§ 1443). It is paradoxical to say that the tenants could be deemed trespassers or wrongfully in possession prior to the expiration of the respective stays regularly granted and the issuance of a warrant.

The orders staying the proceedings provided that the defendants were to continue to make prompt payment of the rent pending appeal and were to give an undertaking in a specified sum " for the payment of all costs and damages petitioner  *  *  *  may suffer by reason of the stay."

In *de Raismes* v. *Thomas* (260 N. Y. 272) the Court of Appeals held that a stay order providing for " ' the damages and costs of the plaintiff ' " referred to taxable costs and disbursements. The order also provided for any damages or *loss* which might result from the landlord's being kept out of possession. Despite that broad order, it was held no recovery could be had for counsel fees. The orders in this case, in contrast, make no provision beyond costs and damages.

Moreover, had the Legislature intended that rent differentials were " damages " to be awarded to the landlord under the terms of a stay pursuant to section 1443

of the Civil Practice Act, it would have so stated, as it did in providing for stays granted by virtue of section 1436-a of the Civil Practice Act.

Common experience has demonstrated that a resentful tenant, unsuccessful in defending a possessory proceeding, will sometimes compel a landlord to resort to the services of a city marshal and his assistants to physically remove the tenant's personal property from the premises in executing a dispossess warrant. We know too, that such a tenant occasionally commits acts of destruction in the premises or upon its appurtenances. It is to protect a landlord against that sort of misconduct and the added expense it entails that an undertaking or a deposit in court is required by a stay order providing for " costs and damages".

To assume that an order staying the issuance or execution of a warrant is beneficial only to a tenant is incorrect. The landlord, too, is protected thereby. Should a reversal of a final order granted to a landlord occur upon appeal, the appellate court may direct that the tenant be restored to possession of the premises from which he was evicted (Civ. Prac. Act, § 1444). That is what the Court of Appeals directed in *Golde Clothes Shop* v. *Loew's Buffalo Theatres* (236 N. Y. 465) even though the landlord had demolished part of the premises after the tenant was dispossessed.

In the case of *Colonna & Co.* v. *Anthony M. Meyerstein, Inc.* (198 Misc. 556, 563, *supra*), recovery was sought by the plaintiff after it dispossessed the defendant, as here, upon two causes of action predicated upon an alleged wrongful withholding of possession and upon an undertaking to pay " any costs and damages and any damages or loss " because the plaintiff was kept out of possession. The trial court directed judgment dismissing the complaint on the merits, which was affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied. The theory upon which that case was tried is quite similar to the case at bar. The determination was eminently sound and should be followed here.

There can be no dispute that the stays granted to defendants herein were regular and proper under statutory right. The retention of possession by the defendants was neither unlawful nor wrongful whether as statutory tenants or by virtue of valid orders. Absent a violation of those orders, it should be held that there can be no recovery by the plaintiff upon her complaint and the concessions made at the trial.

The order of the Appellate Term should be reversed and the judgment of the City Court reinstated.

Peck, P. J., Bastow, Rabin and Cox, JJ., concur in decision; Frank, J., dissents and votes to reverse in opinion.

Determination affirmed, with costs and disbursements to the respondent. Settle order on notice. [See *post,* p. 950.]