■ In the Matter of DANIEL DE ROSA, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In 1947, appellant purchased the subject six-family building which at that time was vacant and uninhabitable. In November, 1947, after substantial rehabilitation, he rented the apartments. In 1954, the Temporary State Housing Rent Commission, as the result of complaint by a tenant, instituted proceedings to fix the maximum rents of the six apartments. Those proceedings culminated in an order of the State Rent Administrator, issued February 16, 1956, which affirmed orders of the local rent administrator in Brooklyn establishing maximum rent, over appellant's protest that the premises were not subject to rent control because they were housing accommodations created by a change from a non-housing to a housing use after February 1, 1947. Appellant then brought a proceeding under article 78 of the Civil Practice Act to review the State Rent Administrator's determination, repeating the claim that the premises were not subject to rent control by reason of their rehabilitation and the alleged change

in use. That petition was denied and the proceeding dismissed by order dated May 11, 1956. No appeal was taken therefrom. Instead, by notice dated June 11, 1956, appellant made a motion denominated as one to reargue the foregoing application, asserting that the propriety of the maximum rents established had not been considered or decided by the State Rent Administrator or by the court. That motion was denied by order dated July 31, 1956, which is the order appealed from. Order unanimously affirmed, without costs. Appellant's second application was in the nature of a motion for leave to renew on additional papers and was, therefore, appealable. (*Matter of Rand,* 273 App. Div. 859; *Conklin* v. *Palisades Interstate Park Comm.,* 278 App. Div. 588; *Drinkwater* v. *Grady,* 285 App. Div. 1176.) The motion was properly denied, however, since the only question there presented, the propriety of the amount of the maximum rents as fixed, was not the subject of the protest to the State Rent Administrator which resulted in the determination sought to be reviewed, and so could not be considered by the Special Term. (Cf. *Matter of La Russo* v. *McGoldrick,* 283 App. Div. 720; *Matter of Gordon* v. *Abrams,* 145 N. Y. S. 2d 546, affd. 1 A D 2d 896; State Residential Rent Law, § 9, subd. 1 [L. 1946, ch. 274, as amd.].) The only contention advanced by appellant on this appeal is that the premises are not subject to control as they are housing accommodations created by a change from a nonhousing to a housing use after February 1, 1947. While we are of the opinion that that question is not presented for review, under the practice adopted by appellant, we have, nevertheless, considered it and have concluded that appellant's contention is without merit. The rehabilitation of an abandoned dwelling is not a change from a nonhousing to a housing use within the meaning of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law. (*Matter of Paikoff* v. *McGoldrick,* 280 App. Div. 996; *Matter of Fiesta Realty Corp.* v. *McGoldrick,* 284 App. Div. 551, revd. on other grounds 308 N. Y. 869; *Matter of Sayhoum* v. *McGoldrick,* 285 App. Div. 964; *Matter of Dajohn Realty Corp.* v. *McGoldrick,* 1 A D 2d 835; *Matter of Goldner* v. *Abrams,* 2 A D 2d 763.) Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.