Burke, J. (dissenting).
I dissent. The decision of the majority seems to me to be without basis in the law and contrary to public policy.
Defendant occupied store space as a statutory tenant pursuant to the Business Rent Law (L. 1945, ch. 314, as amd.) in a New York City building owned by plaintiff corporation. On December 29,1949 plaintiff landlord offered to enter into a lease with defendant to commence February 1,1950 assertedly on the *624 same terms and conditions contained in a provisional lease entered into between plaintiff and a third party. The lease called for an increase of approximately 50% over the emergency rent then being paid. Defendant refused to execute the proposed agreement on the ground that it was dissimilar to the one offered the third party.
Following the refusal plaintiff commenced a summary dispossess proceeding in the Municipal Court under the “ match lease” provision of the emergency rent law (§ 8, subd. [k]) which provides that in specified instances the landlord’s acceptance of an offer to enter into a lease with a prospective tenant and the statutory tenant’s refusal to execute a similar lease constitutes grounds for dispossess. On March 2, 1950 an order was entered awarding plaintiff possession. The issuance of the warrant of dispossess, however, was stayed until July 2, 1950 by order of the Municipal Court in accordance with a then existing provision of the act (as amd. by L. 1949, ch. 535). Before the expiration of that stay defendant appealed to the Appellate Term and procured a further stay pending appeal. On July 13, 1950 the Appellate Term unanimously reversed the final order of dispossess and dismissed the summary proceeding (199 Mise. 476). Plaintiff was granted leave to appeal by the Appellate Division on October 5th of that year and on May 8, 1951, some 10 months after the Appellate Term’s dismissal of the proceeding, the Appellate Division, by a 3 to 2 decision, reversed the dismissal and reinstated the order of dispossess (278 App. Div. 227). Permission to appeal to the Court of Appeals was granted by the Appellate Division on June 19, 1951. The order granting leave stayed the issuance of the warrant pursuant to section 1443 of the Civil Practice Act. This court affirmed the Appellate Division without opinion on March 13,1952 (303 N. Y. 868). A warrant was thereupon issued, apparently for the first time on or about April 1, 1952 and on the second and third days of April defendant was removed from the premises. During all the time from February 1,1950 to April, 1952, the statutory rent had been paid by defendant and accepted by plaintiff.
Subsequent to the Court of Appeals determination, plaintiff commenced the present suit claiming deprivation of a fair rental value over and above the statutory rent from February 1, 1950 to April 3, 1952 in the amount of $13,294.08. The lower court awarded damages finding the difference between the rental value *625 and the statutory rent for this period to be $7,224.84. This award was unanimously affirmed without opinion by the Appellate Division, which, however, certified that in its opinion the matter involved a question of law worthy of further review and granted leave to appeal here.
The award granted below was clearly erroneous insofar as it assessed damages for the period during which defendant remained on the premises pursuant to the Municipal Court stay. That stay, granted in accordance with the express provision of the emergency rent law, perpetuated the statutory tenancy until July 2, 1950 and while it had vitality defendant was required to pay no more than the prescribed emergency rent. (Colonna & Co. v. Anthony M. Meyerstein, Inc., 198 Misc. 556, affd. 278 App. Div. 588, motion for leave to appeal denied 302 N. Y. 948; see Stern v. Equitable Trust Co., 238 N. Y. 267, 269-270.)
It remains to consider on what theory liability may be imposed for defendant’s occupancy after that period.
To me it seems patently anomalous to hold, as most of the cases cited by respondent suggest, that during these proceedings defendant was a trespasser. Throughout the entire time in question tenant remained on the property not without authority but by clear right of law. The authorities are in agreement that the final order in summary proceedings does not terminate the relationship of landlord and tenant but that the tenant’s status is dissolved only when the warrant of dispossess issues. Where the landlord procrastinates or issuance is prevented by a court stay the relationship and its concomitants persist (Colonna & Co. v. Anthony M. Meyerstein, Inc., supra; 105 Franklin St. Corp. v. Seratoff, 284 App. Div. 262, 263; see 2 Rasch on Landlord and Tenant and Summary Proceedings, § 1479, p. 1234, and Civ. Prac. Act, § 1434). In the present case defendant removed immediately after issuance of the warrant. Plainly, it would be a contradiction in terms to assert that defendant was at one and the same time during these proceedings both a trespasser and one lawfully in possession.
The contention that liability is required by the wording of the undertaking filed in compliance with section 1443 of the Civil Practice Act is also unsatisfactory. It is argued that the language of the statute rendering the stay contingent upon payment by the tenant of “ all costs and damages which the *626 petitioner may suffer by reason of the stay ” dictates the damages here granted. This reasoning gives the stay and accompanying undertaking an effect it simply does not have. If no cognizable theory permits the recovery of damages it would be error to conclude that the stay operates to give such an action. The stay clearly does not purport to create a new cause of action in the respondent but is intended merely to protect against the invasion of established legal rights. Thus, if the tenant had, during the existence of the stay, defaulted in the payment of the emergency rent, the undertaking would be effective to guarantee the amount of such default. Similarly, had the tenant, out of resentment or for any other reason committed acts of destruction or waste while on the premises pursuant to the stay, respondent could look to the undertaking for indemnification against these otherwise cognizable legal harms (see dissenting opinion in Amorose v. Price, 1 A D 2d 815, 818, per Frank, J.). But it must first be established that the deprivation claimed by the plaintiff was in fact “ damage ” in the legal sense that a cause of action exists for its reimbursement before the language in section 1443 has any effect. Here that has not been shown.
Were it to be conceded, moreover, that because of its language and effect the tenant is to be charged with the difference between the rental value and emergency rent for the period during which he remained on the property pursuant to the section 1443 stay, it would still leave unaccounted for a large part of the award below. From July 13, 1950 to May 8, 1951, a period of some 10 months, defendant remained on the property not pursuant to a stay but by right of the then outstanding order of the Appellate Term in his favor.
Indeed, section 1443, upon which the majority relies, applied only after the Appellate Division granted leave to appeal on June 19, 1951. Since, until then there was no Civil Practice Act stay or appeal bond involved, the case of Consolidated Ind. & Ins. Co. v. Dein (233 App. Div. 380, 383), cited by the majority, is inapposite to the present situation.
The only other basis of recovery suggested sounds in equity. Though the rationale of the few recent cases suggesting recovery in the present situation apparently proceeds on the theory of trespass (see Smith v. Feigin, 276 App. Div. 531, 535; 207-17 W. 25th St. Co. v. Blu-Strike Safety Razor Blade Co., 277 App. *627 Div. 93, 96; cf. Colonna & Co. v. Anthony M. Meyerstein, Inc., 198 Misc. 556, 560, affd. 278 App. Div. 588), this broader approach is pressed as an alternate argument. Thus it is contended that during the proceedings the landlord was not entitled to avail himself of section 4 of the Business Rent Law which permits adjustment of rents to comport with reasonable rental value and that in light of this it would be inequitable to permit the tenant the shelter of a statutory tenancy during that period. Upon scrutiny it becomes apparent that this theory is not really an alternative but merely a variation of the trespasser theory and as such untenable. Since the landlord-tenant relationship persists until the issuance of a warrant, there is no basis for the statement that before this time and after an order of dispossess the landlord is not entitled to take advantage of the rent law to have a ‘ ‘ reasonable ’ ’ rental imposed. Indeed, plaintiff here, as far as appears from the record, never even considered this possibility though nothing in the statute forbids it and the only two cases in point expressly allowed it (Matter of Astor [Harvey’s Garages], 201 Misc. 31, 33; Matter of Roseben Knitting Mills v. Great Atlantic & Pacific Tea Co., 8 Misc 2d 925). If, therefore, the landlord were entitled to the benefit of the emergency rent law, as apparently it was, it would be the plainest sort of equity, by the very reasoning underlying this contention, to afford the tenant as much. Moreover, by permitting the landlord to obtain a “reasonable” rental by the procedure he has successfully pursued here, our court has in effect judicially replaced the statutory method by one it deems proper, ignoring in the process the carefully prescribed conditions and limitations that were intended by the Legislature to circumscribe that right.
One final observation is in order. The Business Rent Law is a creature of the Legislature the obvious intent and effect of which is to shelter tenants from what has been deemed an emergent and potentially oppressive economic situation. It is our function to apply the act and the public policy it embodies until such time as it is legislatively abrogated or judicially deemed unwarranted. The majority fails in that duty, it seems to me, by the conclusion reached here. Its net effect is to place upon a tenant, who finds himself in the position the present defendant is in, an onerous risk attendant upon litigation which might induce tenants to forego legal remedies otherwise avail *628 able for fear of the possibility of further unspecified and unpredictable damage awards as “reasonable rental” in the event of failure. Where the appeal has considerable, though insufficient merit, as in the summary proceeding in this case, it is undesirable and contrary to the legislatively decreed public policy to discourage exercise of the important right to appeal by tacking to it the threat of a cause of action such as the one given plaintiff. If plaintiff considered the emergency rent being paid unreasonably low, its recourse should have been to the Business Rent Law (§ 4) wherein the Legislature has made provision, with appropriate safeguards and limitations, for the adjustment of emergency rents.
The judgment below should be reversed and the complaint dismissed.
Chief Judge Conway and Judges Desmond, Dye, Fuld and Froessel concur with Judge Van Voorhis; Judge Burke dissents in an opinion.
Judgment accordingly.