*& Co.* v. *Loewe,* 12 A D 2d 917. The plaintiff may discontinue the third and fourth causes of action and then apply for a trial preference if it so desires. Settle order on notice. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ 14 SECOND AVENUE REALTY CORP., Respondent, v. ANNE STEVEN CORP. et al., Appellants.— Judgment entered on November 30, 1961 and order entered August 31, 1961, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of granting judgment in favor of the plaintiff and against defendants for damages in the sum of $2,366.67 for the period beginning February 8, 1961 and ending June 30, 1961 at the rate of $500 per month, and, the judgment and order as so modified, affirmed, without costs. The action is in form one to recover for the use and occupation of premises known as 14 Second Avenue, Borough of Manhattan, City of New York, and for counsel fees consequent on the occupation of the premises by the defendants during the period September 1, 1960 to June 30, 1961. There was never a landlord and tenant relation between the parties; therefore, no basis for a recovery predicated on use and occupation is present. (*Castle* v. *Armstead,* 168 App. Div. 466, affd. 219 N. Y. 615; see, also, 49 A. L. R. 2d 1169.) Defendants, however, concede plaintiff is entitled to damages for the period February 8, 1961 to June 30, 1961 during which defendants were in possession by force of the stay granted by the Appellate Term. Plaintiff is not entitled to counsel fees as an item of damage. (Cf. *de Raismes* v. *Thomas,* 260 N. Y. 272.) In the circumstances the complaint is amended to conform to the proof and to the concession. Judgment is granted accordingly. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

■ ANTHONY ESPOSITO, Respondent, v. ELIZABETH BRIEN, Appellant, and ROBERT E. HERMAN, as State Rent Administrator, Intervenor-Appellant.— Order of Appellate Term, entered on November 17, 1960, affirming final order in favor of landlord in summary proceeding in the Municipal Court, unanimously reversed, on the law, and final order directed to be entered in favor of tenant dismissing the petition, without costs. The "escalator clause" in the lease provided: "The tenant further agrees to pay as additional rent such amount as may be fixed by order of the Temporary State Housing Rent Commission for increased services or equipment, pursuant to Section 33(1) of the Rent and Eviction Regulations." The Rent Administrator never approved a rent increase for increased services or equipment with respect to an apartment subject to an unexpired valid lease. Consequently, the provision of the lease providing for escalation did not become operative. An unconditional increase authorized by the Rent Administrator might have invoked the operation of the clause. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Valente and Bergan, JJ.

■ LILLIAS K. BARGER, Formerly Known as LILLIAS L. KNUST, Respondent, v. RAPHAEL KAYE et al., Individually and as Executors of AARON M. KAYE, Deceased, et al., Appellants.— Order entered on February 19, 1962, denying motion to preclude, unanimously modified on the law to grant motion unless a proper bill be served within 20 days after entry of order herein, with $20 costs and disbursements to appellants. The demand is for particulars as to which defendant accused plaintiff of certain acts, the date of the accusation and, if by innuendo, the nature thereof. The alleged particulars are a series of characterizations of defendant's conduct without specifying the details requested. While there is some attempt at compliance with the first request, the balance, if stripped of conclusory adjectives, says nothing at all. Settle order on notice. Concur — Botein, P. J., Stevens, Eager, Steuer and Bergan, JJ.

■ 14 SECOND AVENUE REALTY CORP. v. ANNE STEVEN CORP.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.